# JOHN L. PFAU

*v.*

# WASHINGTON A. WILLIAMSON.

1. NEGLIGENCE—*excavation in street by contractor.* Where the owner of a lot in a city contracts with a skillful, reliable and competent builder for the erection of a house thereon, including a cellar under the sidewalk in the street, and surrenders possession of the property to the builder for the purposes of the work, and the work is not done under the direction of the owner, and injury ensues to a third person from the negligence of the contractor and not of the owner, such contractor is not the servant of the owner, and he alone is liable for the injury inflicted.

2. SAME—*liability of contractor to owner for damages paid by him.* Where the owner of a lot contracted with a competent workman for the erection of a house thereon, including the construction of a cellar under the sidewalk, surrendering the possession of the ground and the entire control of the work to the contractor, and gave no specific directions as to the manner in which the contractor should perform his work on the cellar, or how it should be constructed, and the contractor left the excavation in the sidewalk not properly guarded and protected, so that a third party without fault on his part fell into the same and was injured, and the owner of the lot was compelled to pay the same: *Held,* in an action by the owner against the contractor, that if the injury was caused by the negligence of the latter, he was liable to the owner for the damages he had paid for such injury, the ordinance of the city requiring the contractor to protect such excavations by fences or other obstructions around the same to prevent injury to persons and the property of others.

3. In a suit of this kind the court below instructed the jury, "that if they believe, from the evidence, that the defendant did the work which he contracted to do for the plaintiff in a skillful and workmanlike manner, and as he contracted to do it, that then the plaintiff can not recover back from the defendant what he has had to pay on account of the injury sustained by Reynolds by falling into the excavation in the sidewalk, and they will find a verdict for the defendant:" *Held,* that the instruction was erroneous as it wholly ignored the duty imposed on the contractor to guard and protect the community against the danger of injury by falling into the excavation, and protected the contractor, no matter how great his negligence was, if he did the work in a skillful and workmanlike manner.

4. In the same case the court gave this instruction: "Even if the jury believe, from the evidence, that the defendant made the excavation referred to by the witnesses, yet, if they further believe, from the evidence,

that it was made under the contract offered in evidence in this case, and by direction of plaintiff, then the plaintiff has no right to recover in this case, and they should find for defendant:" *Held,* that this instruction was erroneous and calculated to mislead the jury. If the plaintiff had given specific directions as to the manner of fencing the excavation, which had been observed, then the instruction would have been proper.

5. When a contractor agrees to erect a building for the owner of a city lot, thereon, and make a cellar extending under the sidewalk of a public street, requiring an excavation, and receives full possession of the property for such purpose, and has the entire control of the work under the contract which contains no directions as to the manner of guarding the excavation, and the owner is subjected to the payment of damages on account of the negligence of the contractor in the manner in which he leaves such excavation open and exposed, so that a person without negligence falls into the same and is injured, such contractor will be held liable to the owner to make good the damages he is compelled to pay on account of such injury.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. GRIMSHAW & SCOGGAN, for the appellant.

Mr. JOHN H. WILLIAMS, and Messrs. BROWNING & BUSHNELL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by appellant in the Adams circuit court, against appellee. The declaration contains several counts, in which it is averred that appellant was the owner of a lot in the city of Quincy, and that he employed appellee, who was a mechanic and builder, to erect a house, with its appurtenances thereon, and to dig a cellar for the same; and that he dug the cellar and built the house, and that it was the duty of appellee to use due care whilst so engaged; but it is averred that he did not use due care, caution and skill, but carelessly, negligently, unskillfully and imprudently did the work in excavating the cellar, and did not sufficiently protect it by fencing or otherwise, and by reason of

2—63D ILL.

appellee's negligence, etc., as aforesaid, one Patrick Reynolds, whilst passing along the street as he lawfully might, whilst using due care, etc., fell into the cellar and was thereby greatly injured ; that Reynolds thereupon sued appellant in the Adams circuit court and obtained a judgment against him for $1200, besides costs, and that he had incurred large expense for attorneys' fees, all of which he had paid.

In the second, and some of the other counts, it is averred that the cellar extended out under the street for the space of twelve feet ; and it is also averred that it was the duty of appellee to fence or otherwise guard or protect the public from falling into the excavation under the street or sidewalk, but that he had failed so to do, whereby the injury occurred to Reynolds, and appellant had been compelled by suit to pay damages for the injury sustained by Reynolds ; and that, by reason of the negligence, etc., of appellee, in the excavation of the cellar, and the injury to Reynolds, and the loss sustained by appellant by reason of having been compelled to pay the judgment rendered against him in favor of Reynolds, appellee became liable to refund the same to appellant.

A trial was had in the court below, resulting in favor of defendant, and plaintiff brings the record to this court and asks a reversal.

In the case of *Scammon* v. *The City of Chicago,* 25 Ill. 424, it was held that, where the owner of a lot contracts with a skillful, reliable and competent builder for the erection of a house thereon, and surrenders possession of the property to the builder for the purpose of erecting the structure, and the work is not done under the direction of the owner, and injury ensues to a third person from the negligence of the contractor, and not of the owner, such contractor is not the servant of the owner, and is liable for the injury inflicted. In this case, as in that, the owner surrendered the possession and entire control of the ground to the contractor. In the specifications is this provision : "The contractor must complete the building throughout, as the proprietor will have nothing to

do with it except to see that the plans and specifications are strictly adhered to ; hence the putting the whole thing in one job." The owner covered the roof and made the window caps of galvanized iron, but so far as we can see did nothing else in reference to the completion of the building.

The specifications point out particularly how that part of the cellar under the sidewalk was to be completed. And we fail to find that appellant, at any time, gave appellee any directions as to the manner in which he should perform his work thereon, or how it should be constructed ; but so far as the record discloses, appellee did the work under and according to the contract and its specifications. Nor did the fact that appellant reserved the right to go on the premises to see that the work was done according to the plans and specifications, change the relations of the parties. Appellee did not thereby become the servant of appellant. He was still in possession, and was performing the work under his contract and not under the directions and control of appellant, because he had the right to inspect the work.

Whilst the agreement between the parties is silent as to who shall guard and protect the public against accident or injury from this excavation, it is provided for by the city ordinances. Section 3 of ordinance 40 declares that, "No city officer, contractor, or other person in the city, shall make any excavation in any highway or thoroughfare without providing, during the night, a temporary fence or suitable obstruction around or in front of the same to prevent persons, animals or vehicles from falling into the same, and every person thus offending shall forfeit and pay, for the use of said city, not less than $5 nor more than $50 for each and every offense."

Now, appellee was a contractor, and was embraced within the provisions of this ordinance. He contracted to, and did build the house and make this excavation, and if he failed, as required by the ordinance, to place a fence or obstruction around this excavation each night as prescribed by the ordinance, he violated a duty imposed by law. The duty was

his, and not that of appellant; and if the duty was not observed, the violation was his and not appellant's.

Notwithstanding this ordinance and the fact that appellee had made the excavation, the court below, at the request of appellee, amongst a number of others, gave this instruction:

"That if they believe, from the evidence, that the defendant did the work which he contracted to do for the plaintiff, in a skillful and workmanlike manner, and as he contracted to do it, that then the plaintiff can not recover back from the defendant what he has had to pay on account of the injury sustained by Reynolds by falling into the excavation in the sidewalk, and they will find a verdict for the defendant."

This instruction wholly ignores the duty imposed on appellee to guard and protect the community against the danger of injury, by fencing, so as to protect persons from falling into the excavation. On the contrary, it defines appellee's duty, and his only duty in the premises, to be a skillful and workmanlike performance of the work he had agreed to execute. Under this instruction the jury could not have done otherwise than find the verdict they did. There seems to be no pretense that the work was not skillfully performed, and even had it not been, that could in nowise have affected appellee's liability if he was negligent and failed to perform a duty which resulted in the loss appellant had been compelled to pay to Reynolds. Under this instruction it did not matter how careless or even reckless appellee may have been in failing to fence the excavation, if he performed the work on the house skillfully and constructed the cellar according to his agreement. Whether the excavation was properly guarded or not, was by no means a question of skill and workmanship, but was a question of negligence or proper care. This instruction was calculated to mislead the jury and should not have been given.

Amongst others, the court also gave for the defendant this instruction:

"Even if the jury believe, from the evidence, that the defendant made the excavation referred to by the witnesses, yet, if they further believe, from the evidence, that it was made under the contract offered in evidence in this case, and by direction of plaintiff, then the plaintiff has no right to recover in this case, and they should find for defendant."

This instruction should have been modified or refused. It, like the other, assumes that, if the work was done under the contract and the direction of plaintiff, there would be no liability. But we have seen that, if appellee was put in the possession and control of the premises, he would be liable for negligence. Had appellant given specific directions as to the manner of fencing, and those directions had been followed, then the instruction would have been proper; but we fail to find any such evidence in the record. And the jury would naturally infer that, as appellant had employed appellee to build the house, therefore, the work was done under appellant's direction. If it was so understood by the jury, then they, as we have seen, were misled. No specific directions were given as to the mode of guarding persons passing along the street from injury, and the contract being silent as to the mode, we fail to see any evidence upon which this instruction could have been properly based, and we think it was well calculated to mislead the jury and should have been refused.

For the errors indicated, the majority of the court are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Judgment reversed.*

Mr Justice BREESE:

If a proper defense· had been made by the owner when Reynolds brought his action against him, and recovered, (53 Ill. 213,) the owner would have been exonerated, on the authority of *Scammon* v. *City of Chicago*, 25 Ill. 424. He did not make a proper defense, and has been subjected to the payment of a judgment he might have avoided, and now seeks to be reimbursed by action against the real tort-feasor. His right to do so is not lessened by the fact that he has been so subjected.

These premises were under the exclusive control of the contractor, as the evidence pursuades me to believe, and though he may have performed his work upon the cellar and upon the building in a workmanlike manner, it was a duty incident to his contract to do all the work he had contracted to perform in such a manner as to insure, at least not to jeopardize, the safety of passers-by, and this included proper safeguards about the excavation.

The justice of the case is clearly with appellant, and though not entirely concurring in all the reasoning of the opinion, I concur in reversing the judgment and remanding the cause.