# JACOB KEPPERLY

## *v.*

# JANE RAMSDEN.

1. EXCESSIVE DAMAGES—*personal injury from negligence.* Where a lady fell into an excavation in the sidewalk, while passing in the night, the excavation being left unfenced, in violation of an ordinance, and the only injury claimed was a falling of the womb, and in the original declaration no such injury was alleged, nor was it proved on a former trial, and it was proved that, for years before, she suffered severely from local debility, it was *held*, that $2000 damages was excessive.

2. NEGLIGENCE—*plaintiff suing for injury, must show due care on his part.* Before any recovery can be had by a party receiving an injury by falling into an excavation in a sidewalk not properly protected, he must show that he had observed due care for his personal safety, and the burden of proving such fact is upon him.

3. SAME—*excavation without permit.* Where an ordinance of a city makes it unlawful for any one to dig any excavation in a street or sidewalk without written permission from a certain officer, and a failure to fence the same in a particular way subjects the offender to a fine, if, on digging such excavation, he observes every precaution to prevent injuries to persons passing, the mere omission to procure a permit will not subject him to an action for damages to a person who falls into the same through his own recklessness.

4. SAME—*party not necessarily liable for violating ordinance.* Where an ordinance is given in evidence making it unlawful for a party to make an excavation in a sidewalk without a permit, and for failing to fence the same at night, in a suit by a party falling into such an excavation made without a permit, the jury should be instructed that the offender is not, for that reason alone, responsible in damages, without regard to the negligence of the injured party.

5. SAME—*when employer not liable for neglect of contractor.* Where a contractor is in possession of that part of the premises upon which an excavation is to be made, with the exclusive control of the work, it becomes an incident to his undertaking to so do the work as to be reasonably safe to passers by, observing due care, and that duty includes the making of necessary safe-guards. In such case, the owner of the premises is not responsible for his neglect of duty.

6. BILL OF EXCEPTIONS—*what it must contain.* If an instruction is asked to counteract an unwarrantable attack of counsel in argument upon the character of witnesses and the denunciation of a party for calling them,

which are refused, this court can not pass upon their propriety, unless the remarks of the counsel are preserved in a bill of exceptions.

7. INSTRUCTION—*duty of court to mark as given, or refused.* It is obligatory on the court to mark all instructions asked at any stage of the case, as given or refused, and any rule relieving the judge from that duty is in contravention of the statute.

8. ARGUMENT—*restraining unwarranted attacks of counsel.* It is the better practice for the court trying a case, to restrain all unwarranted attacks on the characters of witnesses and the motives of parties.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN W. COCHRAN, Judge, presiding.

This suit was originally brought against defendant, Kepperly, and four other persons, contractors and sub-contractors on defendant's building, to recover damages sustained by plaintiff in consequence of falling into an excavation in the sidewalk made with a view to construct coal vaults for the use of the adjoining building. On the 27th day of July, 1874, plaintiff was passing in front of the building, leaning on the arm of her sister, when she stepped on the edge of the excavation, which gave way, and precipitated her to the bottom of the vault. Her husband, who was walking just behind her with a lady friend, immediately rescued his wife, and took her home. Neither her sister nor her friend seem to have thought any assistance was necessary, nor did either go with her or offer to render her any. The accident occurred between 8 and 9 o'clock in the evening. All the street lamps in the immediate vicinity were lighted, and, with the lights in a building near at hand, they cast considerable light on the place where the accident occurred. There was dirt and rubbish on the sidewalk, sufficient to attract the attention of any one passing that way, but no guards had been erected by the owner of the building or the workmen employed. Plaintiff's sister, with whom she was walking, seems to have been walking in the gutter of the street pavement, and plaintiff says, when she found she was falling, she let go her sister's arm, that she might not pull her down with her. As to the extent of the injuries sustained, the evidence is conflicting.

An ordinance of the city of Peoria, where the accident happened, made it unlawful for any person to make any excavation in any street or sidewalk, without permission in writing from the city engineer, and provided any person who shall dig any hole, pit, ditch, vault or other excavation, and who shall not, during the night, cause the same to be fenced with a substantial fence, at least three feet high, should be subject to a fine.

Plaintiff let the carpenter and brick work of repairing his building, to Comegys, and the latter contracted with Coleman and Parish to do the brick-work, and they employed Cornell to do the digging. The labor of taking out the old wood-work, roofing and some other things, was to be done by defendant. Evidence introduced tends to show each contractor had such possession as was necessary to enable him to prosecute with facility the work he had contracted to do.

The case has been twice tried before a jury. On the first trial, the jury found defendants not guilty, except the owner of the building, and assessed plaintiff's damages against him at $2000. That verdict was set aside, and a new trial awarded. On a second trial, the jury found defendant guilty, and assessed plaintiff's damages at precisely the same amount. Defendant brings the case to this court on appeal.

Mr. N. E. WORTHINGTON, and Messrs. COOPER & BASSETT, for the appellant.

Messrs. PUTERBAUGH, LEE & QUINN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The damages found for plaintiff are excessive, and out of all proportion to any injury sustained. Principally, she complains her health has been impaired by "falling of the womb," which she alleges was caused by falling into an excavation in front of defendant's building. No other serious permanent injury is proven. It is a singular fact, in the original declaration, the only specific injury alleged was to plaintiff's leg. The infirmity which now so seriously affects her, was

not mentioned among the injuries sustained, nor did she or her attending physician, in their testimony on the first trial, which did not take place for months after the accident, make the slightest allusion to the fact she was suffering from any such weakness. Testimony of two witnesses, whose characters are in no way impeached, show she suffered severely from local debility long before she was injured by the fall. But as the judgment is to be reversed because of the refusal of the court to give proper instructions, we will not now discuss the merits of the case.

Before any recovery can be had, it is incumbent on plaintiff to show she had herself been in the observance of due care for her personal safety. That being the law, the court ought to have given the third instruction asked by defendant, which declares the burden of proving that fact was upon her. Other instructions given state the proposition she was bound to observe due or ordinary care, but none of them declare as the law is, the burden of proving that fact is on the plaintiff. *Chicago, Burlington and Quincy Railroad Co.* v. *Gregory,* 58 Ill. 272.

Defendant's fourteenth refused instruction states concisely and accurately a correct principle of law, and might properly have been given. It is broader and more comprehensive than the one that was given on the same subject, but the difference in them is not so marked as to make the refusal of the former a matter of much consequence.

Of more importance to the defense was the eighth instruction in the series asked on behalf of defendant. Plaintiff had given in evidence an ordinance of the city, as we think she had a right to do, even under the general averments of the declaration, which makes it unlawful for any one to dig any excavation in the street or sidewalk without permission from the city engineer, and a failure to fence any such excavation, when made in a particular way, would subject the offender to a fine. It was, therefore, all-important the jury should know whether the mere omission itself to procure a permit to do the work rendered defendant liable to persons injured. The in-

struction submitted stated the law on that question correctly, as we understand it, and ought to have been given. Had defendant observed every precaution to prevent injuries to persons passing, it is apprehended the mere omission to procure a license to do the work would not subject him to an action for damages to a person who had himself been reckless. Such a rule would be unreasonable, and would award damages for injuries to a person attributable alone to his own misconduct. Cases analogous in principle have arisen under the Railroad Law, which makes it the duty of the company to ring a bell or sound a whistle for a certain distance before coming to a public crossing, but the omission of this statutory duty does not necessarily fix any liability on the offending company. Illustrative of this view of the law are the following decisions of this court: *Chicago, Rock Island, etc., Railroad Co.* v. *McKean,* 40 Ill. 218; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Manly,* 58 Ill. 300.

Although counsel disclaim having placed defendant's liability on any such ground, the ordinance introduced was itself inculpatory evidence. The tendency was to show defendant had been guilty of an unlawful act in the omission of a duty enjoined by that ordinance, and the impression may have been made he was, for that reason alone, subject to damages, no matter how reckless the injured party may have been for her personal safety. If so, the minds of the jury should have been disabused of that impression.

Perhaps the only effect of the modifications made by the court to defendant's instructions, it must appear the contractor was in the "actual, exclusive possession" of the premises, to exempt the owner from responsibility for the negligent acts of the contractor, was to emphasize more distinctly the fact of possession, and really did not affect the principle contained in the propositions of law submitted. As we understand the rule on this subject, the contractor must be in the possession of the premises, and have the entire and exclusive control of the work in his charge. Possession is a question of fact, to be found from the evidence. While the contractor is in posses-

sion of that part of the premises upon which the excavation is to be made, with the exclusive control of the work, it becomes an incident to his undertaking to so do the work as to be reasonably safe for passers-by, observing due care for themselves, and that duty, it is declared, includes the erection and maintenance of suitable safe-guards about all excavations, at all dangerous. Under circumstances where it becomes obligatory upon the contractor to provide safe-guards around such excavations, the owner of the premises is not responsible for his failure or neglect of duty in that regard. Nor does it change the rule, the owner may have some work to perform about the building, where it is wholly disconnected with that which causes the injury. We can add nothing on this branch of the law to what we have said in our former decisions, and for a fuller expression of our views, we make reference to a few of them: *Scammon* v. *The City of Chicago*, 25 Ill. 425; *Pfau* v. *Williamson*, 63 Ill. 20.

Near the close of the final argument to the jury, and after the other instructions had been passed upon, defendant's counsel asked the court to instruct against the effect of what he says was an unwarrantable attack on the character of some of the witnesses, and denunciation of defendant for calling such witnesses. The court neither marked the instruction on this subject "refused" or "given," but simply marked it "not passed on." Unless the alleged offensive language was embodied in the bill of exceptions, we can not know whether it would have been proper to give the instruction. But the better practice would be for the court in the first instance to restrain all unwarranted attacks on the characters of witnesses and on the motives of parties. It is obligatory on the court to mark all instructions asked either "refused" or "given," and it is believed a rule of court that would relieve the judge from that duty in his discretion, would be in contravention of the statute declaring the duty.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*

Mr. Justice Walker: I concur in the reversal of the judgment of the court below on the ground that the damages are excessive.