## ANN FITZPATRICK ET AL.
### V.
## THE CHICAGO AND WESTERN INDIANA RAILROAD COMPANY.

*Master and Servant—Relation—Existence of—Injury to Employe of Sleeping Car Company—Sub-Contractors—Reservation of Control—Vice-Principal.*

The reservation to the architect of a railroad company of the right of superintendence and direction of a given contract with the power to reject imperfect work or materials, does not make him the foreman as to the details of doing the work, or the workmen of a sub-contractor the servants of the company.

[Opinion filed April 3, 1889.]

IN ERROR to the Circuit Court of Cook County; the Hon. A. N. WATERMAN, Judge, presiding.

Messrs. WILLIAM HOYNES and JOHN GIBBONS, for plaintiffs in error.

Messrs. OSBORN & LYNDE, for defendant in error.

GARY, J.    The railroad company, defendants in error, own

railway tracks ending at a large station in the city of Chicago and called the Dearborn station. They let a contract for erecting a " train shed " which, although no plans or specifications are shown in the record, must have been on a large scale, as the price was $67,000. The contractors sub-let the construction of the roof. The deceased, John Fitzpatrick was employed by the Pullman Palace Car Company in cleaning their cars which went in and out of that station.

As Fitzpatrick was passing under a part of the roof in process of construction a tool fell, perhaps by some negligence of some workman employed by the sub-contractors, and struck him on his head, and from the effects of the blow he died. The plaintiffs in error are executors of his estate and this suit is under the statute for the pecuniary loss resulting to his next of kin from his death.

On these facts, the negligence, if any there was, of the servants of the sub-contractors, is not chargeable to the railroad company. Fitzpatrick was rightfully upon their premises, and if by any negligence of the servants of the company he had been injured, the company would have been responsible. But the ordinary reservation to the architect of the company, of the superintendence and direction of the work, with the power to reject any imperfect work or materials, did not make the workmen employed by the sub-contractors, the servants of the company. This reservation did not, as a matter of law, make him the foreman as to the details of doing the work, and the testimony for the plaintiffs showed that the sub-contractors had their own foreman on the work, who was superintending it.

The only ground upon which a claim against the company could be based, would be, that as the company had contracted to have work done under such circumstances that unless duly guarded by the contractors probably it might cause injury to others, the company was under a duty to see that sufficient precaution was exercised. But this ground, though supported by Chicago v. Robbins, 2 Black, 418, and 4 Wallace, 657, is opposed to the decisions of the Supreme Court of this State

in many cases.    Scammon v. Chicago, 25 Ill. 424; Pfau v. Williamson, 63 Ill. 16; Kepperly v. Ramsden, 83 Ill. 354.    On a question of local law, this court is bound by the rule established in the latter court, and followed it in C. C. C. R. W v. Hennessy, 16 Ill. App. 153, which is in point in this case.

*Judgment affirmed.*