## City of Alton v. David English.

1. Negligence—*Showing Necessary in Actions Based on.*—In actions based on mere negligence the plaintiff must show not only the negligence of the defendant, but also the exercise of due care on his own part.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. Benjamin R. Burroughs, Judge, presiding. Heard in this court at the August term, 1896. Reversed. Opinion filed March 3, 1897.

Henry S. Baker, Jr., attorney for appellant.

R. J. Brown and C. N. Travous, attorneys for appellee.

Mr. Presiding Justice Sample delivered the opinion of the Court.

The declaration alleges the street over which appellee passed with his horse and buggy was in a bad condition, whereby he was injured, for which he recovered damages. The appellant claims the evidence does not warrant the judgment, and also assigns other errors.

The facts in brief are, that appellee, with his horse and buggy, passed over a plank culvert, covering a gutter, the planks of which culvert were loose and somewhat frightened the horse, but no accident then occurred. Within a short time he returned over same street, and, as he testified in chief, " When I came back I examined the culvert and tried to get my horse over the bridge again, but he would not pass over it. I had to drive to one side, where I saw there were wagon tracks, where they had been crossing through, and I suppose one of the wheels caught on the corner of these planks and threw the buggy up, and dumped me out on the right hand side." The gutter which appellee had to pass over was about sixteen inches deep in the center, and was not difficult to cross. The undisputed fact is that the accident was occasioned by appellee driving so close to the

culvert, in passing to the west of it over the gutter, that
one of the wheels of his buggy caught on the planks.   There
was plenty of room for him to have passed entirely west of
the culvert, and had he done so, concededly, the accident
would not have happened.   The evidence does not show,
when considered in its entirety, that " the horse being
frightened sprang to the west of the bridge and attempted
to cross the ditch," as stated by appellee's counsel.

The appellee claims that if the culvert had not been out
of repair the accident would not have happened, and there-
fore insists the injury was the combined result of an acci-
dent and defect, and cites Palmer v. Andover, 2 Cush. 608,
and other cases laying down the general doctrine.   Our
court has laid down the same rule in City of Joliet v. Verley,
35 Ill. 58, citing the Palmer case.   The general rule sug-
gested is well settled law, but the law is not applicable to
the facts.   As is said in the Palmer case, *supra*, " this doc-
trine in no respect conflicts with the well-settled rule requir-
ing the plaintiff to use ordinary care and diligence, and that
without showing this he can not recover, though the road
be defective, and the damage be occasioned by the combined
effect of a defective road and want of care and skill in
avoiding the injury."   In all the cases on the subject of the
general rule relating to an injury being the result of acci-
dent and defect, it is further held that there must be no
fault or negligence on the part of the plaintiff.   The rule is
without exception that in actions based on mere negligence
the burden is on the plaintiff, not only to show negligence of
the defendant but also the exercise of due care on his own
part.   Aurora B. R. R. Co. v. Grimes, 13 Ill. 585; Kepperly
v. Ramsden, 83 Ill. 354.   The evidence does not show due
care on the part of appellee.   He did not pass over the
defective bridge, but around it, and in doing so neglected
to drive far enough west to pass or miss the culvert.   The
defective culvert was not the proximate cause of the injury,
any more than if in attempting to turn around at the cul-
vert to take another street, he had carelessly upset his buggy
and received the injury.   In such case it could not be said

the defective culvert and such an accident combined produced the injury and created a liability, for the reason it was produced by a failure to exercise due care and skill.

The evidence did not authorize the judgment entered, and therefore the judgment is reversed without remanding.