## Catherine Geist v. Rothschild & Co.

1. NEGLIGENCE—*Of Sub-contractors and Independent Mechanics.*— The owner of a building abutting upon the sidewalk of a public street, in a city, who employs competent mechanics to paint the same, retaining no control over the manner of doing the work and giving no directions as to the details thereof, is not liable for injuries to persons on the walk below, resulting from the negligence of such mechanics in permitting a coil of rope to fall from their scaffolds.

2. SAME—*Owners of Premises and Sub-contractors.*—It is sufficient to relieve the owner of a building under repairs, so far as concerns the matter of possession, when the contractor is in possession of the premises with an exclusive control of the work.

3. SAME—*Owner Not Liable Because He Employs an Architect to Inspect the Work.*—The fact that an owner of a building undergoing repairs employs an architect to inspect the work and see that it is done according to the contract does not render him liable for the negligence of the mechanics doing the work.

**Trespass on the Case.**—For personal injuries. Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed July 16, 1900.

EDWIN WHITE MOORE and RUSSELL WHITMAN, attorneys for plaintiff in error.

A *prima facie* case of negligence is disclosed by the man-

ner and circumstances of the injury; *res ipsa loquitur.* Mullen v. St. John, 57 N. Y. 567; Hart v. Washington Park Co., 157 Ill. 9, 15.

In order to relieve an employer from the rule of *respondeat superior*, on the ground that the injury complained of was caused by the negligence of servants of an independent contractor, the employer must have surrendered to the contractor the exclusive possession and control of the premises. Scammon v. Chicago, 25 Ill. 424; Chicago v. Robbins, 2 Black 418–428; Pfau v. Williamson, 63 Ill. 16; Kepperly v. Ramsden, 83 Ill. 354; Jefferson v. Jamieson & Morse Co., 165 Ill. 138; City of Moline v. McKinnie, 30 Ill. App. 419.

Where the keeper of a shop or store invites the public thereon to transact business with him, he is bound by an implied contract with those who accept such invitation to use reasonable care to keep the premises in a reasonably safe condition. This is an absolute duty, and he can not escape its obligations by the employment of an independent contractor. Thomas on Negligence, 1094; Sweeney v. O. C. & M. R. Co., 10 Allen 373; Ray on Negligence of Imposed Duties, 18; Cooley on Torts, 549; Buswell on Negligence, Sec. 66; Campbell on Negligence, 159; Shearman & Redfield on Negligence, Sec. 176; Burns v. K. C., F. S. & U. Ry. Co., 31 S. W. Rep. 347; Laughter v. Pointer, 5 B. & C. 560; Wilber v. Follansbee, 97 Wis. 577; Wertheimer v. Saunders, 95 Wis. 573; Richmond & M. Ry. Co. v. Moore, 27 S. E. Rep. 70; Jefferson v. Chapman, 127 Ill. 438; Va. Central R. R. Co. v. Sawyer, 15 Gratt. (Va.) 230; More v. Townsend, 78 N. W. Rep. 880; Wood on Master & Servant, Sec. 316; Pickard v. Smith, 10 C. B. & S. 470; Deford v. State, etc., 30 Md. 179; Ellis v. Sheffield Gas Consumers Co., 2 El. & Bl. 767; Evans v. Murphy, 87 Md. 498.

FRANK J. CANTY and J. A. BLOOMINGSTON, attorneys for defendant in error.

When a person contracts with another exercising an independent calling, to do work for him according to the contractor's own methods, and not subject to his control or

orders except as to the results to be obtained, the employer is not liable for the wrongful acts of such contractor. It is not essential that the contractor shall have exclusive control of all of the premises, but only of that portion upon which the work is to be done. Mechem on Agency, Sec. 747; Bailey on Master's Liability, 467; 1 Sherman & Redfield, Sec. 164; 14 Am. & Eng. Ency. of Law, 830; Cooley on Torts, 548; Pfau v. Williamson, 63 Ill. 19; Kepperly v. Ramsden, 83 Ill. 358; Jefferson v. Jameson & Morse, 165 Ill. 142; City of Moline v. McKinnie, 30 Ill. App. 421; Harwood v. Joliet, 86 Ill. 110; Lamparter v. Wallbaum, 45 Ill. 444; Mohr v. McKenzie, 60 Ill. App. 578.

An employer is not liable for the negligent acts of an independent contractor who is acting without his supervision or control in an employment which is lawful, unless the work to be done is inherently dangerous or a nuisance, or the employer has failed to use care in employing a competent independent contractor, and this rule is not changed by the fact that there is the contractual relation between the employer of the contractor and the party injured, of shopkeeper and customer. Pfau v. Williamson, 63 Ill. 16; Kepperly v. Ramsden, 83 Ill. 358; Jefferson v. Jameson & Morse Co., 165 Ill. 138; City of Moline v. McKinnie, 30 Ill. App. 421; Harwood v. City of Joliet, 86 Ill. 110; Lamparter v. Wallbaum, 45 Ill. 444; Mohr v. McKenzie, 60 Ill. App. 578; Florsheim v. Dullagan et al., 58 App. 593; Hunt v. Hoyt, 20 Ill. 544; Thompson on Negligence, 343; Buswell on Negligence, Sec. 66; 1 Shearman & Redfield, 175; Wood's Master and Servant, 316; Mechem on Agency, Sec. 747; Bailey on Master's Liability, 467; Cooley on Torts, Sec. 548; McCarthy v. City of Portland, 71 Me. 318; Frassi v. McDonald, 55 Pac. Rep. 139; McNamee v. Hunt, 87 Fed. Rep. 298; Knott v. McGilvray, 56 Pac. Rep. 788; Neumeister v. Eggert, 51 N. Y. Sup. 481; Cuffs v. Railway, 35 N. J. Law, 17; City of Indianapolis v. Slack, 66 N. W. Rep. 1094; Connors v. Hennesy, 112 Mass. 96; Bennett v. Truebody, 66 Cal. 509; Casement Co. v. Brown, 148 U. S. 615; Reedie v. Railway Co., 4 Exch. 244; Hughes v. Railway Co., 39 Ohio St.

461; Forsyth v. Allen, 11 Allen, 419; Bailey v. Troy, 57 Vt. 252; Engle v. Eureka Club, 32 N. E. Rep. 1053; Atl. & F. Ry. Co. v. Kieuley, 13 S. E. Rep. 277; St. Paul v. Seitz, 3 Minn. 297; Sewell v. St. Paul, 20 Minn. 511; Clark v. Fry, 8 Ohio St. 358; Hundhausen v. Bond, 36 Wis. 29; Aston v. Nolan, 63 Cal. 269; Greer v. Darrow, 61 Conn. 220; Hacket v. W. U. Tel. Co., 49 N. W. Rep. 822; Robbins v. City of Chicago, 4 Wall. 659; McCaferty v. S. D. & P. M. Ry. Co., 61 N. Y. 181; Hexamer v. Webb, 101 N. Y. 377; Sweeney v. B. & A. Ry. Co., 128 Mass. 7.

MR. JUSTICE WINDES delivered the opinion of the court.

Plaintiff in error brought suit to recover for damages to her resulting from the falling of a coil of rope from a painter's scaffold suspended above the State street entrance at about the third story of defendant in error's department store at the corner of Van Buren and State streets, Chicago. At the close of the plaintiff's evidence the defendant moved the court to instruct a verdict of not guilty, which motion was overruled, but at the close of all the evidence the motion was renewed and the court instructed the jury to find the defendant not guilty, and the jury so found, on which verdict judgment was rendered, to reverse which this writ of error is prosecuted by the plaintiff.

The evidence shows that defendant made a contract with William Goldie & Sons Co., a corporation, to do certain carpentry and painting work upon its department store building, necessary in certain alterations on the building which defendant desired to make, the contractor to furnish all labor and materials and provide all necessary scaffolding and implements necessary therefor, and to permit the architect or representatives of defendant to inspect the work during the progress of the same, and to finish the work on or before April 3, 1896, provided possession of the premises should be given the contractor on or before March 6, 1896, the contractor to have permission to sub-let without releasing its liability.

The contractor sub-let the painting part of the contract

to Nelson & Co., whose reputation is good for competency, skillfulness and business ability, but after the contract was sub-let the contractor had no supervision over the painting, which was done under the general supervision of an architect selected by defendant, though it in no way controlled nor directed the men doing the painting, nor the manner of doing it, nor directed the appliances to be used.

At the time of the injury to plaintiff the employes of Nelson & Co. were at work upon a painter's scaffold suspended upon the State street front of the building at about the third or fourth story by hooks at the top of the building, to which were attached ropes about $1\frac{1}{4}$ to $1\frac{1}{2}$ inches in diameter, fastened to the ends of the scaffold, and of sufficient length to reach to the sidewalk below and somewhat longer. By these ropes the scaffold was raised or lowered along the wall of the building to any point where it was desired to paint, and at the time of the accident the slack ends of the rope were coiled up on the scaffold. Also, at the time of the accident, defendant had some electricians at work on the roof of the building, but near its center— nowhere near the State street front. No one, at the time of the accident, was employed upon the outside of the building, its State street wall, except the men of Nelson & Co., who were engaged in painting this front. Nelson & Co. had the exclusive control of the outside wall of the building where the painting was being done, and the only supervision of defendant over the painting work was to inspect it, through the architect, to see that it was done according to contract, and by its employe, a Mr. Phillips, who said it was his duty to inspect the work after it was finished.

The plaintiff, on March 28, 1896, while on her way from her work, came along Van Buren street going east, and was proceeding toward the State street entrance of defendant's store, near the corner of Van Buren and State streets, with the intention of going into the store to purchase a pair of gloves, and when within two or three feet of the store entrance, one of the slack ends of rope which sus-

pended the painter's scaffold, and which had been coiled
up thereon, fell therefrom and struck her, causing very
serious injuries, as the evidence tends to show. At this
time defendant was transacting business in its store regu-
larly. The doors of the store were open and people were
coming and going in and out of the store at this entrance.

The question presented for decision is as to whether the
defendant is relieved from liability by reason of having let
the work of painting the walls of its building to an inde-
pendent contractor.

It is not contended by counsel for defendant in error, but
that there was sufficient evidence presented by plaintiff in
support of her case to justify its submission to the jury, had
it not been for the evidence produced on its behalf show-
ing that the work in the repairs and alterations of its build-
ing was let to Goldie & Sons Co., an independent contractor,
and by the latter sub-let to Nelson & Co., who actually
did the work, and who were admitted to be competent con-
tractors.

It is conceded by counsel for plaintiff in error to be the
general rule that the law of *respondeat superior* does not
apply in a case where work is submitted by an employer to
an independent contractor, but they say that this case comes
within a clearly defined exception to that rule, viz.: that
where the employer " is under a primary obligation, im-
posed by law or by contract, to the party injured, he can not
shift the obligation thus incurred to an independent con-
tractor," and cite a number of authorities which they claim
sustain this contention.

An examination of the authorities cited by counsel fails
to show, in our opinion, an exception to the general rule
conceded by counsel, applicable to the facts of the case at
bar. The exception to the general rule shown by these
authorities is that a shopkeeper is liable to his customers
coming by invitation upon his premises, because of an
implied contract with them that he would use reasonable
care to avoid harm or damage to them. An exception also
applies in the case of an owner or occupier of premises to

persons who come thereon by his invitation; also to the case of á master whose servant is injured by reason of some defective passageway, obstruction, or dangerous place, upon his premises; also to the case of a landlord undertaking to make repairs on his building, and a tenant, or his goods upon the premises, is injured by the negligence of the landlord's contractor. But in every case cited by counsel, except those hereinafter specially referred to; it appears that the injury caused was upon the premises of the parties sought to be charged, or in some passageway or approach thereto forming a part of the premises. These cases are, therefore, in our opinion, not applicable to the case at bar, because here the plaintiff when injured was upon the public sidewalk, not nearer than two or three feet of the defendant's premises, and there was no duty or obligation on its part to her beyond the duty or obligation, if any, which the defendant owed to any passer-by upon the sidewalk.

The excepted cases cited by counsel, are Virginia C. R. R. Co. v. Sanger, 15 Gratt. 230, and Moore v. Townsend, 78 N. W. Rep. 880. We deem it unnecessary to review at length either of these cases as, in our opinion, they are not applicable to the case at bar. In the Sanger case the question discussed was the liability of a railway company to its passenger who was injured while riding upon the railway train by the negligence of a contractor in placing an obstruction so near the tracks as to cause the injury in question. The court held that the company was liable, and, among other things, says (p. 242):

" The duties which the carrier of passengers owes to his passengers, and the duties which he owes to other persons, between whom and himself the relation of carrier and passenger does not exist, are essentially distinct."

The decision seems to be placed especially upon the relation of passenger and carrier, and it is held that the case of a stranger would be on a very different footing.

The Moore case, *supra*, is more nearly in point, where the injury occurred by the negligence of a contractor in leaving a long ladder resting against the wall of defendant's build-

ing, the lower end resting in the gutter outside the walk, and allowing it to remain in this position thirteen days after his work was completed. It appears that the owner of the building, without surrendering its control to the contractor, permitted him, as the court say, " to create a nuisance in the public street," by allowing the contractor to put the ladder in such a position over the walk, where it was a continual menace to all persons within its reach if it fell. This case is quite different from the one at bar, because there is no evidence that the contractor here created a nuisance in the public street. On the contrary, it is a matter of constant and almost daily occurrence in a large city like Chicago for the walls of buildings along its streets to be painted, and the fact that it is necessary to suspend scaffolds over the sidewalks in order to do the painting does not create a nuisance, if they are securely suspended, as was the case here. There is nothing inherently dangerous in doing such work, provided it is done by competent persons in the usual and ordinary way, and there was no question of fact for submission to the jury in this regard.

No case has been cited by counsel, nor have we been able to find any authority which holds that there is such a primary duty or obligation upon the owner of a building to persons passing along on an adjoining public sidewalk, or to prospective customers who are going toward his premises where he conducts a public business, that he is liable in damages for the negligence of an independent contractor to such persons, when the injury occurs while they are going along such public sidewalk, or to such customers before they actually come upon the premises where he is conducting his business, or into some passageway or entrance-way used as a part of the owner's premises.

In the case of Scammon v. The City of Chicago, 25 Ill. 438, it was held that owners who had employed competent and skillful contractors to erect a building for them, retaining no control over the manner of doing the work, and giving no directions as to the details thereof, were not liable for the negligence of such contractors in leaving an open

area extending into the sidewalk, into which a passer-by
fell and was injured.    We are of opinion that the principles
established by that case are applicable here, and are deci-
sive against the contention of plaintiffs in error, that the
facts constitute an exception to the general rule as to non-
liability of an owner where he has work done by an inde-
pendent contractor.

We are of opinion there is no sufficient reason shown
here to extend such liability beyond the adjudicated cases.

It is claimed by counsel for plaintiff that the owner is
only relieved from liability for the negligence of his con-
tractor whom he employs to perform work upon his prem-
ises by an independent contract, when the entire and
exclusive control of the premises is surrendered to such
contractor.    We can not give our assent to this contention,
as in our opinion, it is not sustained by authority to the
extent claimed.

It is true that the language of the courts in some of
the cases seems to contemplate exclusive possession of
the contractor of the premises where he is doing work
for the owner.    Scammon v. Chicago, 25 Ill. 438; Pfau v.
Williamson, 63 Ill. 18; Jefferson v. Jamieson & M. Co., 165
Ill. 142.

But when the question is squarely before the court, it
has been held that it is sufficient to relieve the owner so far
as concerns the matter of possession, when the contractor
" is in possession of that part of the premises upon which"
the work is to be done, with an exclusive control of the
work.    Kepperly v. Ramsden, 83 Ill. 354; City of Moline v.
McKinnie, 30 Ill. App. 422; Mohr v. McKenzie, 60 Ill. App.
578; Pioneer Constn. Co. v. Hansen, 176 Ill. 100–110.

In the case at bar, as we have seen, Nelson & Co. had
complete control of the wall of the defendant's building at
the place where they were doing the work, directing the
men and the manner of doing the work, as well as of the
appliances that were used, and it therefore should be con-
trolled by the authority of the Kepperly and Mohr cases,
*supra*, which we consider directly in point.

The fact that the work was to be inspected by the architect to see that it was done according to the contract, does not make the defendant liable.    Hansen, McKinney and Pfau cases, *supra*.

It seems to us unnecessary to consider other exceptions to the general rule, as applied to an independent contractor, as it is not contended that any others of them apply to the facts of this case.

Being of opinion that there was no question of fact, upon a consideration of the whole evidence, which should have been submitted to the jury, the judgment of the Circuit Court is affirmed.