Anna Andronick, Appellee, v. Philip Daniszewski and Mary Daniszewski, Appellants.

Gen. No. 36,085.

Heard in the first division of this court for the first district at the June term, 1932. Opinion filed December 29, 1932.

GILBERT NELSON, for appellants; ERNEST C. RENIFF, of counsel.

RAYMOND KELNER, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is now before this court upon rehearing granted. The action is in tort. Upon trial by jury there was a verdict for plaintiff for $999.99, upon which the court, overruling motions for a new trial and in arrest, entered judgment.

The statement of claim averred that on July 18, 1930, defendants were the owners and in possession of the premises known as 725 North Hoyne avenue, Chicago; that plaintiff was walking on the sidewalk adjoining the premises and in a public street; that she was in the exercise of due care; that it became the duty of defendants to maintain, control and operate the premises with due care for persons who might be passing on the sidewalk at the time in question; that defendants were having the premises repaired and painted on the outside; that the painting and repairing were of an intrinsically dangerous character, in that it became necessary to use chisels, hammers, etc., while said work was being done over and above the sidewalk on which plaintiff was walking; that defendants failed to protect the sidewalk against the danger incidental to the work being performed, and that a heavy chisel then being used in said work suddenly fell from above and upon plaintiff, injuring her.

The affidavit of merits admits that defendants were the owners and in possession and control of the premises at the time in question, but denies that plaintiff was walking on the adjoining sidewalk; denies that she was in the exercise of due care; denies that it was the duty of defendants to maintain, control and oper-

ate their building with due care; denies that at the time they were having the said building painted and repaired; denies that the painting and the repairing were dangerous intrinsically or that it was necessary to employ chisels, hammers, etc.; denies that defendants failed to protect the sidewalk at the time and place alleged; denies that while plaintiff was walking on the sidewalk and while the painting and repairing were being done the chisel fell as alleged, injuring her.

At the close of plaintiff's evidence and again at the close of all the evidence, there was a motion by defendants for a directed verdict which was denied, and the principal error assigned and argued is that the court failed to give this instruction for defendants as requested. The controlling question in the case, as we view it, is whether as a matter of law plaintiff under the evidence was entitled to recover. The affidavit of merits admits that defendants were the owners and in possession of the premises at the time plaintiff received her injury, but defendants contend that the judgment for plaintiff cannot stand for the reason that the uncontradicted evidence shows, as it is claimed, that at the time plaintiff received her injuries the painting and repairing on defendant's premises were being carried out by an independent contractor, one Szymczak, who was employed by defendants for that purpose. Defendants cite and rely upon cases such as *Geist v. Rothschild & Co.,* 90 Ill. App. 324; *Pfau v. Williamson,* 63 Ill. 16; *Kepperly v. Ramsden,* 83 Ill. 354, 358; *Jefferson v. Jameson & Morse Co.,* 165 Ill. 138; Mechem on Agency, sec. 747.

There is practically no conflict in the evidence upon material points. The evidence tends to show that at the time in question plaintiff sustained injuries while she was walking on the sidewalk in front of the premises of defendants; that the building upon these prem-

ises was three stories in height; that defendants had employed a painting contractor, Tony Szymczak, who with a number of employees hired and paid by him, was doing this work. The contract provided that he would put two coats of paint upon the building and that the consideration for doing this work was a lump sum of $80, which defendants agreed to pay. Szymczak at the time in question was working and assisted by two workmen who were employed by him and with whose employment defendants had nothing to do. The evidence shows that defendants did not hire these men, did not give them orders as to what they should do, and did not tell them when to go to work or how the work should be done, and the evidence does not disclose that either of defendants was present while the work was being done.

The evidence also shows that Szymczak, the contractor, paid these laborers for their services, and that in doing their work they had erected a scaffold about eight feet long and two and a half feet wide, which was held up to the third story of the building by ropes attached. A chisel was used by one of the workmen in putting putty around the windows. This chisel accidentally fell while plaintiff was passing along on the street below and struck her, injuring her. As a matter of fact, the chisel belonged to Szymczak. It further appears from the evidence that no barricade was built on the sidewalk for the purpose of protecting pedestrians; that the sidewalk was close up to the building. No evidence was offered or received tending to show that the contractor Szymczak was a skilful workman in his trade.

While we have hitherto entertained doubts, we are upon further consideration agreed that Szymczak was. under the evidence, an independent contractor. We are also agreed that upon the facts this case is not distinguishable from that of *Geist v. Rothschild & Co.,*

90 Ill. App. 324, upon which defendants in this case rely, except in that (unlike this case) there was proof there that the independent contractor was skilful and competent. These cases, however, are clearly distinguishable as to the respective theories upon which the actions were brought.

Plaintiff in this case avers that the work which was being done upon defendants' building was intrinsically and inherently dangerous. That was not the theory of the plaintiff in the *Rothschild* case. It was the theory of the plaintiff in the later case of *Sherman House Hotel Co. v. Gallagher,* 129 Ill. App. 557, where this court held upon the facts that the contractor was not an independent one but that defendant was liable at any rate upon the theory that the work was intrinsically dangerous. In *City of Joliet v. Harwood,* 86 Ill. 110, the Supreme Court of this State held—two of the judges vigorously dissenting—that where a city hired an independent contractor to do work which was intrinsically dangerous, it was liable for the negligence of such contractor.

In *Water Co. v. Ware,* 16 Wall. (U. S.) 566, 21 L. Ed. 485, the Supreme Court of the United States held that where an ordinance of the City of St. Paul authorized a water company to lay pipes in the street, the water company agreeing to protect all persons injured by reason of the excavation, and the company sublet or let the work out to independent contractors through whose negligence the injury occurred to plaintiff who was passing over the street, the city was liable under the theory that the defect was the direct result of the work which the water company had agreed to do. In *Jager v. Adams,* 123 Mass. 26, it was held that a contractor who was constructing a wall abutting on a highway and who failed to erect barriers or protection was liable for an injury sustained by a pedestrian who was struck by a falling brick, although no

negligence was shown in letting the brick fall. In *Finkelstein v. Majestic Realty Corp.*, 198 Wis. 527, 224 N. W. 743, it appeared that while independent contractors were painting and repairing parts of a building a piece of terra cotta fell from a balcony, killing plaintiff's child. The jury found that the accident was due to faulty inspection by the owner and occupier and absolved the contractors. The contract provided that the contractors should carry workmen's compensation. It was argued by the owner that the contractors alone were liable, but the Wisconsin court said that while this was the general rule there were exceptions one of which was that if the work was inherently dangerous to the public traveling upon the highway, the rule was not applicable. ·The opinion quotes 14 R. C. L., secs. 23, 24. Section 24 is as follows:

"For liability to attach to the employer of an independent contractor, it is not required that it be absolutely necessary that injuries to third persons will result from the doing of the work, but if the work is so inherently or intrinsically dangerous that injuries will probably be occasioned to third persons unless proper precautions are taken, the employer may be liable for such injuries, though primarily they are caused by the negligence of the contractor in failing to take the necessary steps to avoid the danger." In support of that doctrine *City of Joliet v. Harwood*, 86 Ill. 110, and *City of Chicago v. Murdock*, 212 Ill. 9, are cited.

In *Jacob Doll & Sons v. Ribetti*, 203 Fed. 593, it appeared that plaintiff while walking on the street was injured as a result of the falling of a window washer who undertook to do his work standing on the outer sill without the protection of a safety belt or similar appliance. The owner or occupier of the building had employed an independent contractor to do

this work, and the workman who fell was an employee of this independent contractor. The building was not equipped with the usual hooks to which safety appliances might be fastened, and the declaration charged negligence in this respect. It was urged in that case that the defendant occupant of the building was not liable for the negligence of an independent contractor who had undertaken to clean defendant's windows, but the court said:

" . . . the law imposes upon such occupier a very positive duty to those using the highway upon which the building abuts, to use the care requisite, according to the circumstances, to guard them against injury resulting from the condition of the premises, or from what is being done in or about the same, by the direction or permission, or for the convenience and benefit, of the occupier. In cases like the present, the exigence of such duty is not affected by the fact that the faulty conditions, from which resulted the damage complained of, were due to the negligence of an independent contractor in operating under the contract. This duty is peculiar to the situation, and is as just as it is severe. It places the responsibility for what happens on such premises on the occupier who is in control of the same, and protects those of the public who, in the use of the highway along such premises, lawfully come within dangers originating thereon. Of such dangers, the casual user of a sidewalk is generally unwarned, and the matters from which they arise are specially within the knowledge, or should be within the knowledge, of the occupier." *Water Co. v. Ware,* 16 Wall. (U. S.) 566, 21 L. Ed. 485; *Wilson v. Hibbert,* 194 Fed. 838, 114 C. C. A. 542, and *City of Chicago v. Robbins,* 2 Black (U. S.), 418, 17 L. Ed. 298, are cited. The opinion also holds that since the work was inherently dangerous, the owner who had employed the contractor could not shift the responsibility and quotes

with approval what is called the "wider and more inclusive rule" as stated in cases both English and American and expressed in *Covington & Cincinnati Bridge Co. v. Steinbrock,* 61 Ohio St. 223, 55 N. E. 619, 76 Am. St. Rep. 375, as follows:

"The weight of reason and authority is to the effect that where a party is under a duty to the public or third person to see that work he is about to do or have done is carefully performed, so as to avoid injury to others, he cannot, by letting it to a contractor, avoid his liability in case it is negligently done to the injury of another. . . . It is the danger to others, incident to the performance of the work let to contract, that raises the duty and which the employer cannot shift from himself to another, so as to avoid liability, should injury result to another from negligence in doing the work." In support of this doctrine *Tarry v. Ashton,* 1 Q. B. Div. 314, *Jager v. Adams,* 123 Mass. 26, and many other cases are cited.

In the 13th edition of the Law of Torts by Sir Frederick Pollock, page 541, the author says, citing *Byrne v. Boadle,* 2 H. & C. 722, 33 L. J. Ex. 13, 133 R. R. 761:

"Under the modern authorities 'it is very difficult for a person who is engaged in the execution of dangerous works near a highway to avoid liability by saying that he has employed an independent contractor, because it is the duty of a person who is causing such works to be executed to see that they are properly carried out so as not to occasion any damage to persons passing by on the highway.'" Again at page 542, citing *Holliday v. National Telephone Co.,* 2 Q. B. 392, 400, 68 L. J. Q. B. 1016, after reviewing many authorities he summarizes:

"Combining the principles affirmed in these authorities, we see that the occupier of property abutting on a highway is under a positive duty to keep his property from being a cause of danger to the public by reason of any defect either in structure, repair, or

use and management, which reasonable care and skill can guard against. This does not exclude the liability of any other person for a negligent omission of himself or his servant in the course of employment, by which damage of this kind is immediately caused. It likewise appears that the rule extends to all persons undertaking works involving danger to the public; and the recent tendency of the Courts is to enforce this as a broad and wholesome rule of public policy and discourage minute objections.''

In *McHarge v. M. M. Newcomer & Co.*, 117 Tenn. 595, the defendants were engaged in operating a dry goods store and for that purpose occupied a building in Knoxville. An awning frame and roller fell from the window, striking the plaintiff who was walking upon the street in front of defendants' building and injuring her. The defense was that the awning was being repaired at the time by an independent contractor. The court found on the facts that one Thomas who was repairing the awning was an independent contractor and said that the question to be decided was whether the facts brought the case within the exceptions to the general rule. These exceptions were stated to be:

''Where the act contracted to be done is wrongful or tortious in itself; where the injury is the direct or necessary consequence of the work to be done; where the thing to be done or the manner of its execution involves a duty to the public incumbent upon the proprietor or employer; when the work contracted for is intrinsically dangerous, and the performance of the contract will probably result in injury to third persons or the public; and where the proprietor interferes with the contractor in the performance of the work. Nor does it apply when the work has been completed and accepted. 1 Jaggard on Torts, 231; Commentaries on the Law of Negligence, secs. 645–651.''

The court further reviewing the authorities and citing with others *Village of Jefferson v. Chapman,* 127 Ill. 438, held that the repair of the awning under the circumstances was work inherently dangerous and of such character that the occupier could not excuse himself from liability for negligence in the doing of it by reason of the fact that the work was performed by an independent contractor.

Defendants insist, however, that the rule of law thus declared is not in harmony with the law of Illinois as declared by our Supreme Court. They cite a number of Illinois cases which we have examined with some care. As to the *Rothschild* case, we have already expressed our views. In *Scammon v. City of Chicago,* 25 Ill. 424, it appeared that one Ormsby while walking at the corner of Lake and Clark streets, Chicago, fell into a pit which had been allowed to remain uncovered during the day and nighttime, without warning of danger to persons passing on the street. The pit was dug by contractors under an agreement with Scammon, the adjacent owner, for whom a building was being erected under permit granted by the City of Chicago. Ormsby sued the city for negligence and recovered a judgment which the city paid. Thereupon the city sued Scammon to recover back the amount paid. The city recovered a judgment and Scammon sued out a writ of error. In the Supreme Court it was urged that the contractor, not the owner, was liable. It was urged that the injury was not a necessary incident to the improvement, but, on the contrary, was produced by the way or mode in which the work was done, and that the owner discharged his whole duty when he employed a competent, skilful and prudent contractor and should not be held liable for his negligence. Accepting this theory the court reversed the judgment. The cause was not brought upon the theory that the work which the contractor was hired to do was inherently and intrinsically dangerous or that as done it created a nuisance in the public street.

In *Pfau v. Williamson*, 63 Ill. 16, the owner of a lot contracted with a skilful builder to erect a house, including a cellar under the adjacent sidewalk. He surrendered possession of the property to the builder and placed him in entire control. The contractor kept an excavation in the sidewalk unguarded into which a third party fell and was injured. The injured party sued the owner and recovered. The owner sued the contractor to recover back the amount paid, but on trial the jury returned a verdict for the contractor. The owner appealed, and the judgment was reversed, the court holding that the contractor was liable.

That case is distinguishable from this one, first, in that the suit was by the owner, who had been theretofore held liable to the injured party, against the contractor; and, second, in that the suit was not brought upon the theory that the work was inherently dangerous or that a nuisance in the public highway was created.

In *Kepperly v. Ramsden*, 83 Ill. 354, an injured person sued the owner, the contractors and subcontractors for injuries sustained through falling into an excavation in the sidewalk made by the contractors who were constructing coal vaults for a building adjoining the public street. The excavation was left unguarded in disregard of a city ordinance. There were two trials. In the first the jury found the owner alone guilty and a new trial was awarded. There was a like verdict of guilt on the second trial with judgment which upon appeal was reversed and the cause remanded. The opinion referred to *Scammon v. City of Chicago*, 25 Ill. 424, 425, and *Pfau v. Williamson*, 63 Ill. 16, 20, for a fuller expression of the views of the court.

In *Jefferson v. Jameson & Morse Co.*, 165 Ill. 138, the plaintiff landlord sued in assumpsit for rent, and the tenant filed, in addition to the general issue, a special plea setting up that the landlord while adding additional stores to his building and making other alterations caused a drainpipe to be broken with the

result that the matter had been submitted to arbitrators who appraised the damage at $591.30, which plaintiff agreed to pay. The defendant also pleaded a set-off for damages in the interruption of business while the repairs were being made. The cause was tried by the court, and the set-off for damages as appraised was allowed. Upon appeal the Supreme Court said that the plaintiff let the work to an experienced and competent mechanic, and on the authority of *Scammon v. City of Chicago* and *Pfau v. Williamson, supra,* reversed the judgment and remanded the cause. There was no claim that the work was inherently dangerous, and no question was raised of a nuisance constructed in a public street.

The precise question here to be decided was not raised or considered in any of these cases as we understand them, and it must be conceded that the cases of *City of Joliet v. Harwood,* 86 Ill. 110, and *City of Chicago v. Murdock,* 212 Ill. 9, are cases in which the work which the independent contractor agreed to do required the use of substances which were inherently dangerous. In the one case, rock was blasted and in the other dynamite was used in the construction of a tunnel. However, the Illinois cases, as we understand them, are all to the effect that an occupier, repairer or builder who denies liability for the negligence of an independent contractor must show that the contract was made with a skilful, competent and prudent contractor. No evidence to that effect was given in this case.

The question of whether defendants were liable because of the inherently dangerous character of the work to be done and because in the doing of it a nuisance would necessarily be constructed over the abutting highway is more difficult to answer. A volume would be required to review adequately the cases which are in some respects in point. These cases are collected and discussed in a note to *Pickett v. Waldorf*

*System, Inc.*, 241 Mass. 569, 136 N. E. 64, 23 A. L. R. 1014. At page 1054, sec. 14, the writer states:

"As applied to cases involving injuries to persons on highways, the general doctrine enunciated in sec. 1, *supra,* assumes this form: 'When a person employs a contractor to do work in a place where the public are in the habit of passing, which work will, unless precautions are taken, cause danger to the public, an obligation is thrown upon the person who orders the work to be done to see that the necessary precautions are taken, and if necessary precautions are not taken he cannot escape liability by seeking to throw the blame on the contractor.' In other words that doctrine 'embraces the subordinate proposition . . . that the duty to refrain from interfering with the right of the public to the safe and unimpeded use of highways and streets is one of which an employer cannot devest himself by committing the work to a contractor.' "

The jury in this case has found that defendants were negligent, and the trial court has approved the verdict of the jury. The only defense interposed was that the painting and the repairing were being done by an independent contractor. That defense is insufficient in that no evidence was offered to show that the independent contractor was skilful, capable and prudent. The work required to be done was dangerous to persons using the sidewalk on the public street, and defendants, we hold, did not perform their affirmative duty to take precautions against possible and probable injuries by erecting a barricade or by other appropriate means. Defendants were not insurers, but they were under obligation to see that reasonable care was exercised in making the improvement. They could not delegate that duty. The jury has found that they were negligent, and the judgment is therefore affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.