John J. Lahiv, Appellant, v. Nathan Fleishman et al., Appellees.

1. JUDGMENTS—*when refusal to enter default not subject to review.* The refusal by the court to enter a default judgment is not subject to review if no exception is preserved to such ruling in the bill of exceptions, and further, taking issue on a plea interposed by the defendant and going to trial precludes the right to complain.

2. SALES—*burden of proof to establish compliance with specifications.* When articles of a particular kind and of a particular brand are ordered, the burden of proof in an action for the price is upon the vendor to show that he complied with the order by delivering to the vendee the kind and character of goods ordered.

3. SALES—*what precludes right to return.* In the absence of fraud or latent defects, an acceptance of an article sold upon an executory contract, after an opportunity to examine it, is a consent and agreement that the quality is satisfactory and as conforming to the contract and bars all claim for compensation for any defects that may exist in the article.

Assumpsit. Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the October. term, 1910. Affirmed. Opinion filed November 11, 1911.

W. M. VANDEVENTER and N. C. LYRLA, for appellant.

M. R. SULLIVAN, for appellees.

PER CURIAM. In an action of *assumpsit* for the making and delivering to appellees by appellant of fourteen uniform suits for the firemen at Granite City, a verdict and judgment were rendered in favor of the appellees and against the appellant, Lahiv. From that judgment Lahiv prosecutes this appeal.

Appellant first contends that the court erred in denying his motion for judgment by default, because he filed an affidavit of merits with his declaration in the usual form, and the appellees filed no affidavit of merits with their plea. It appears that the court

denied appellant's motion for judgment on the ground
that the copy of the declaration filed by him for the
use of appellees contained no copy of such affidavit,
nor intimation that there was attached to the original
declaration such an affidavit, in violation of section 25
of our Practice Act, and in violation of the rules of
the trial court.    The appellant cannot maintain this
alleged error for the reason that no exception is pre-
served in the bill of exceptions to the court's action
in denying appellant judgment by default.    Taking
issue on the plea, and going to trial without such an
affidavit, and without excepting to the ruling of the
court, precludes the appellant from now complaining
in this court of the lower court's ruling in that regard.

It is next contended that the acceptance of the goods
and the ''O. K.'' to the bill thereof by appellees, after
ample time for examination, and after knowledge of
the defect complained of, precludes appellees from
returning the goods and denying liability therefor.
This proposition cannot be denied as a legal proposi-
tion.    The contentions of appellees in this case are
that appellant at the time the measures of the firemen
were taken, represented through his salesman that his
establishment employed union labor in the making of
garments, and that he had the right to and would
attach to the uniforms in question the label of the
''United Garment Workers of America.''    He also
contended that the firemen refused to take the gar-
ments after they found out that appellant's shop was
a non-union shop and that the label put on them was
not a genuine union label.    The label put on the gar-
ments read, ''United Uniform Garment Workers.''
After the firemen had put on the garments and worn
them to their hall, they discovered the label was not
the one contracted for, and they became suspicious
that they were not made by union labor, and refused
to take them unless they were satisfied on this ·point.
The appellant then agreed with the firemen that they
should appoint a committee and go over to his estab-

lishment and he would satisfy them on that point. Appellees refused to accept the goods and pay for them until they were satisfactory to the firemen. The witness, Binns, testifying for appellant clearly corroborates this claim by appellees. He said in his testimony: "It was agreed the fireboys were to get a committee of three and go to Lahiv's place the next day. I was to meet them the next morning, but the shop was closed and I could not show them." Appellant's salesman practically admits that he contracted to put a union label on the garments. He testified: "When they asked me about the union label, I told them that we put a union label in them." It is the well settled law that when articles of a particular kind and of a particular brand are ordered, that the burden of proof, in an action for the price, is upon the vendor to show that he complied with the order by delivering to the vendee the kind and character of goods ordered. Wolf v. Dietzsch, 75 Ill. 205.

The contract between appellees and appellant was really an executory contract for the manufacture and sale of fourteen uniforms for the firemen of Granite City with the stipulation that the garments should properly fit and be made by union labor and bear the union label, "United Garment Workers of America." The only objection to the garments by the firemen was that they were not union made. They were willing to take them if they could be satisfied that they were union made. Appellees refused to accept the garments unless satisfactory to the firemen. The bill was marked "O. K." by appellees after the firemen sent their committee over to see if the garments were union made, but appellees' evidence shows that this was done on the false representation of Lahiv that he had satisfied the firemen and that they were well pleased, and that he relied on the representation and was deceived. The firemen refused absolutely to take the garments after their committee reported that appellant's shop was non-union and the label a fake. Appellant did

not make any proof whatever that his shop was a union shop or that the label was a genuine union label. His reliance on a recovery is the acceptance of the goods by appellees, and the placing of their "O. K." on the bill with full knowledge of the defects of these garments. A contract to manufacture and deliver garments at a future day, with the agreement that they shall properly fit and be of union make, binds the seller to deliver garments according to the contract. In the absence of fraud or latent defects, an acceptance of the article sold upon an executory contract, after an opportunity to examine it, is a consent and agreement that the quality is satisfactory and as conforming to the contract, and bars all claim for compensation for any defects that may exist in the article. Gaylord Mfg. Co. v. Allen, 54 N. Y. 519; Kohl v. Lindley, 39 Ill. 195; Eureka C. S. Co. v. M. F. and C. W., 23 Ill. App. 591.

It was a question of fact for the jury to determine whether or not appellees were fraudulently induced by Lahiv to put their "O. K." on the bill. Fleishman affirms in his testimony that his "O. K." was thus obtained and Lahiv denies it.

The refused instructions of the appellant were faulty and properly refused by the court because they failed to have in them the idea that before acceptance by appellees was binding on them the acceptance must be with full knowledge of the fact that the appellant was not running a union shop and had not the right to use a union label. Knowledge that the label was not the label of the "United Garment Workers of America," was not sufficient. That was well understood by all parties concerned when the wrangle came up about the label. The firemen were willing to take them with the label on them if appellant's shop was a union shop. Appellees were willing to accept, and did not agree to accept, until the firemen were satisfied. Appellees only accepted and put their "O. K." on the bill when Lahiv falsely informed them that the

goods were satisfactory to the firemen, according to the finding of the jury. We cannot under the evidence legally disturb that finding.

The defect or objection raised to these garments was in the nature of a latent defect. No one could tell, so far as the evidence discloses, that the shop of appellant was non-union, or that the label was a fake, by simply looking at the label. An acceptance without the knowledge of a fraudulent concealment of such a defect, would not bind appellees, provided they immediately returned the goods, as they did in this case, on discovery of the defect or fraud.

Finding no reversible error in this record the judgment of the lower court is affirmed.

*Affirmed.*