## Fred De Fillippi, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 21,394.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WIL-
LIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch
Appellate Court at the March term, 1915. Affirmed. Opinion filed
November 15, 1916. *Certiorari* denied by Supreme Court (making
opinion final).

### Statement of the Case.

Action by Fred De Fillippi, plaintiff, against the
Spring Valley Coal Company, defendant, in the Su-
perior Court of Cook county, to recover for personal
injuries. From a judgment for plaintiff for $18,500,
defendant appeals.

The injuries sustained were the result of an acci-
dent happening April 29, 1911, at defendant's coal
mine, at Spring Valley, Illinois, where plaintiff, then
about nineteen years old, was employed as a miner.
On the morning of said date, plaintiff went into the
mine to work. Owing to conditions, he could not work
and returned to the bottom of the shaft. About nine
o'clock, he, with other men were being hoisted to the
surface. When the cage reached the top, and as plain-
tiff was in the act of stepping off, it dropped several
feet, causing plaintiff to fall backward into the cage.
The engineer immediately brought it back up, and
plaintiff's left leg, which extended over the edge, was
caught between the cage and the landing platform and
was so crushed that it was necessary to amputate it
about six inches below the crotch.

F. J. CANTY, P. L. MCARDLE and MASTIN & SHER-
LOCK, for appellant; FRANK CROZIER, of counsel.

FRANKLIN B. HUSSEY and C. N. HOLLERICH, for ap-
pellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 171*—*when engineer qualified as expert on operation of engine.* In an action to recover for personal injuries sustained by a miner while being hoisted to the surface of a mine in a cage or elevator, where it was claimed that defendant's engineer was negligent in the operation of his engine, a witness who had knowledge of the engine in question, and who had twenty-three years' experience in operating a similar engine, and who had passed the examination required by the statute as such an engineer, *held* sufficiently qualified as an expert witness as to the character and proper manner of operating the engine.

2. MINES AND MINERALS, § 152*—*when operation of mining machinery not matter of common knowledge.* In an action to recover for personal injuries sustained by a miner while being hoisted to the surface of a mine in a cage or elevator, where plaintiff sought to prove that defendant's engineer was negligent in failing to apply the brake when he stopped the car at the surface, and where it appeared that the shaft had certain stops designed to hold the cage in place, *held* that where it appeared that the machinery was complicated the question whether when the stops failed to work the car would drop without an application of the brake was not a matter of common knowledge, and plain and open to the jury.

3. MINES AND MINERALS, § 152*—*where rule as to admission of opinion evidence particularly applicable.* The rule that where facts on which opinions are founded cannot be made intelligible to the jury, the opinions of witnesses may be received, is particularly applicable to mining, and to cases involving mining which are tried in Cook county, where there are no mines.

4. EVIDENCE, § 101*—*when admission of evidence unobjectionable because of evidence introduced by adverse party.* Where a plaintiff seeks to prove negligence in the use of machinery by expert testimony, defendant cannot object to such testimony where it had previously asked one of its own witnesses a question calling for an opinion as to the operation of such machinery, which the witness answered by giving the opinion asked, since such question indicates that defendant considered the subject as one on which opinion evidence was proper.

5. APPEAL AND ERROR, § 1487*—*when admission of evidence harmless error.* Where a declaration in an action for personal injuries

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Eisenberg, 202 Ill. App. 63.

in one count charges negligence by defendant's engineer in failing to apply the brake when a cage in a mining shaft, in which plaintiff is being hoisted, has reached the surface, erroneous admission of expert testimony tending to show the negligent failure to apply the brake is not ground for reversal where other counts charge negligence in respects other than that of failure to apply the brake, which the evidence is sufficient to support.

6. DAMAGES, § 190*—*how amount determined*. In an action for personal injuries, the amount of damages which may be recovered depends on the circumstances of the case, and is not a matter of mathematical computation.

7. DAMAGES, § 125*—*when verdict for loss of leg not excessive*. In an action by a miner to recover for personal injuries resulting in the loss of his left leg about six inches below the crotch, where plaintiff at the time of the accident was nineteen years of age and had a high school education, and where though he still suffered pain at the time of the trial, three years later, the wound had healed, a verdict for $18,500 *held* not excessive, although plaintiff earned but $2 to $2.25 per day and worked only when the mine was operated, which was from 150 to 200 days in the year.