John Delohery, Administrator, Appellee, v. D. B. Quinlan, Appellant.

Gen. No. 23,631.

1. AUTOMOBILES AND GARAGES, § 3*—*when evidence shows exercise of ordinary care by child struck by automobile ambulance.* In an action to recover for the death of a 10-year-old boy who, while passing on a dark and murky night, in front of a street car which had stopped at a street crossing, was struck and killed by an automobile ambulance which passed on the wrong side of the car at a speed of 18 to 20 miles an hour, evidence *held* sufficient to warrant a finding that deceased was in the exercise of ordinary care for his safety.

2. AUTOMOBILES AND GARAGES, § 2*—*when fact that driver of automobile ambulance does not see pedestrian until too late does not relieve driver from liability.* Where the evidence in an action to recover for the death of a 10-year-old boy struck by an automobile shows that the accident occurred on a dark and murky night as deceased was passing in front of a street car standing at a street crossing, and that the automobile approached on the wrong side of the car at a speed of 18 to 20 miles an hour, the fact that the driver of the ambulance did not see deceased until he was 2 feet from the ambulance does not relieve defendant from liability.

3. AUTOMOBILES AND GARAGES, § 3*—*when ordinance giving ambulances right of way is inadmissible in action for personal injuries to pedestrian.* In an action to recover for the death of a boy killed by being struck at a street crossing by an automobile ambulance which was being driven at a high rate of speed past the wrong side of a street car standing at the crossing, it is proper to refuse to permit defendant to offer in evidence an ordinance giving ambulances the right of way in the streets when conveying a patient

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

or injured person to a hospital or when proceeding to the scene of an accident, where the evidence shows that no one was being conveyed to the hospital at the time, that the ambulance was not going to an accident and that the boy did not see it approaching.

4. Appeal and error—*when omission to caution jury to abide by court's instructions not ground for reversal.* Omission in an instruction given for plaintiff to require the jury to abide by the court's instructions is not ground for reversal where a number of defendant's instructions are subject to the same objection, while in others the jury are told that they must pass upon the case under the court's instructions.

5. Death, § 73*—*when instruction on measure of damages for death of child not erroneous.* In an action to recover for the death of a 10-year-old boy, it is not error to instruct the jury that if they find in favor of plaintiff, in assessing his damages they are not confined to the pecuniary value, if any, of the services of the deceased until he would have become 21, but might also consider the pecuniary benefit, if any, of his services to his next of kin at any age if he had not been killed.

6. Death, § 54*—*when proof of actual services rendered parents by child unnecessary as basis for estimation of damages.* In an action to recover for the death of a 10-year-old boy who left surviving him a mother and father, proof of actual services rendered them is unnecessary, but on proof of the age and relationship the jury may estimate the damages from the facts shown in connection with their knowledge and experience, and the law presumes some substantial damages to the parents from the fact of death alone.

7. Death, § 80*—*when error in instruction on damages cured.* Error in failing, in one instruction, in an action to recover for death of a child, to limit the recovery to the pecuniary loss of the next of kin, is cured where such limitation is contained in instructions given at defendant's request which supplement each other.

Appeal from the Circuit Court of Cook county; the Hon. Benjamin W. Pope, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 24, 1918.

M. D. Dolan and Freeman K. Blake, for appellant.

C. S. O'Meara, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Delohery v. Quinlan, 210 Ill. App. 321.

John Delohery, as administrator of the estate of his deceased son, John Delohery, Jr., brought suit against D. B. Quinlan to recover damages for causing his son's death. There was a verdict and judgment for $5,000 in favor of plaintiff, to reverse which defendant prosecutes this appeal.

The record discloses that on January 25, 1913, the deceased, a boy about 10 years old, while crossing Wallace street at the intersection of 38th street in the City of Chicago, was run over and killed by an ambulance belonging to defendant. Wallace street runs north and south and is intersected at right angles by 38th street. There was a double track street car line in Wallace street. The defendant was engaged in the business of undertaker and operated an automobile ambulance. On the evening in question defendant's servants were proceeding south in Wallace street with the ambulance on their way to the home of a lady who was ill, for the purpose of conveying her from her home to a hospital. The ambulance turned into Wallace street at 33rd street and was proceeding south on the west side of the roadway. There was a street car a few blocks ahead of the ambulance also going south on the west track. The ambulance was being driven at a rapid rate of speed. The street car stopped at the north crosswalk of 38th street to permit passengers to alight. Some distance north of 38th street the ambulance turned into the northbound or east street car track, and, as it came to 38th street, was going 18 to 20 miles per hour, as variously estimated by the witnesses. The deceased was just east of the street car at the time he was struck and was killed almost instantly. The ambulance turned off towards the east side of the street and came to a stop about 150 feet south of 38th street. The accident occurred shortly before 8 o'clock, the night was dark, the street full of slush, and the atmosphere damp and murky. The evidence further shows that when the ambulance was south of 37th street, the

driver sounded the gong repeatedly, and there were two bright lights on the front of the ambulance. The driver and a man who was on the seat with him testified that as they approached 38th street the gong was sounded repeatedly and that they did not see the deceased boy until he appeared about 2 feet in front of the machine, and that the brakes were immediately applied, but it was impossible to stop the ambulance until it was too late.

The defendant contends that there was no evidence of due care on the part of the boy at and prior to the time of the accident, and that to sustain the judgment such proof must be made. We think there was sufficient evidence to warrant the jury in finding that the deceased was, at the time in question, in the exercise of ordinary care for his own safety. The witness Kenny was in the motor-truck business and had been a chauffeur. At the time of the accident he was walking north in Wallace street at the northeast corner of 38th street and saw the ambulance coming south and heard the gong ringing. He testified that the street car stopped at the north crosswalk of 38th street; that the ambulance was traveling at the rate of 24 to 26 miles an hour; that the night was dark and murky and the street was covered with slimy mud; that the deceased boy was crossing Wallace street on the north crosswalk; that he walked in front of the standing street car and just as he passed the car he was run over and killed; that the driver had turned his machine into the east track to pass the car. The motorman and street car conductor testified that the car stopped at the north crosswalk of 38th street to permit two passengers to alight. The conductor testified that he signaled the motorman to proceed, and the car started; that immediately he heard the sounding of the gong; that he turned and saw the ambulance coming; that he thought it was the fire department and immediately signaled the motorman to stop the car, which was done; that the ambulance passed to the east of the

street car and the car then proceeded south; that he did not see the boy or know that any one was hurt. The motorman testified he did not see any one pass in front of the car north of 38th street and did not know that any one was injured until he got to his destination, which was several miles further south. We think it clear that the evidence was sufficient to warrant the finding of the jury that the deceased was in the exercise of ordinary care for his own safety.

The defendant further contends that it was impossible to prevent the accident after the driver saw the boy and therefore defendant is not chargeable with negligence. It would be a strange rule of law that would permit the defendant to drive in a public street in Chicago at a reckless rate of speed, going around on the wrong side of street cars in utter disregard of the rights of persons in the street, as the evidence conclusively shows was done in this case, and then permit him to exonerate himself for the fatal accident, for the sole reason that he did not see the boy until he was but 2 feet from the ambulance.

It is also contended that the court committed error in refusing to permit the defendant to offer in evidence an ordinance of the City of Chicago, which provided that ambulances shall have the right of way in the streets of the city when conveying any patient or injured person to a hospital, or when proceeding to the scene of an accident. In support of this the argument seems to be that the deceased boy should have gotten out of the way. The ordinance manifestly has no application to the facts in this case. No one was being conveyed to a hospital; nor were they proceeding to the scene of an accident. Moreover, it is clear that the boy did not see the ambulance until it was driven upon him in the most reckless manner. In no theory was the ordinance admissible.

Complaint is also made of the giving of instructions

numbered 3, 5 and 8, offered on behalf of plaintiff.

Instruction No. 3 told the jury that if they believed from a preponderance of the evidence the deceased, while in the exercise of ordinary care for his own safety, was killed by reason of the negligence of the defendant as alleged in the declaration, then the verdict should be against the defendant. The complaint is that it did not require the jury to abide by the court's instructions. A number of instructions given by the defendant are subject to the same objection, while in others the jury were clearly told that they were required to pass upon the case under the instructions of the court. There is no merit in this argument.

By instruction No. 5, the jury were told that if they found in favor of plaintiff, in assessing his damages they were not confined to the pecuniary value, if any, of deceased's services until he arrived at the age of 21 years, but they might also consider the pecuniary benefit, if any, of the deceased's services to his next of kin at any age had he not been killed. It is argued that the instruction does not confine the jury to the evidence, "and assumed that the deceased boy would have rendered services to his next of kin, both before and after he reached his majority"; that it relieves the jury from considering the pecuniary injuries which the next of kin were required to show in order to recover. The deceased was about 10 years old. He left him surviving his father and mother. It was therefore unnecessary to make proof of actual services rendered. Where proof of the age and relationship is made, the jury may estimate the damages from the facts proven in connection with their knowledge and experience, and the law presumes some substantial damages to the parents from the fact of death alone. *City of Chicago v. Hesing*, 83 Ill. 204; *City of Chicago v. Scholten*, 75 Ill. 468; *Dukeman v. Cleveland, C., C. & St. L. Ry. Co.*, 237 Ill. 104.

Complaint is made of instruction No. 8, because it

did not confine the jury to the evidence, nor limit the damage to the pecuniary loss to the deceased's next of kin. The instruction does refer to the evidence, but is subject to the second objection urged, and if this were the only instruction it might constitute reversible error. However, by instruction No. 11, given on behalf of the defendant, the jury were told that they could not allow any damages by way of solace for grief or wounded feelings or bereavement of the plaintiff or the next of kin of the deceased; and by instruction No. 25, the jury were expressly told that the damages were limited to pecuniary loss, if any, to the next of kin of the deceased, as shown by the evidence, and that only such pecuniary damages should be allowed; that nothing should be allowed for pain and suffering, grief, bereavement, wounded feelings, loss of society and domestic and social happiness. It is contended, however, that these instructions did not cure the error complained of, for the reason that it cannot be known whether the jury followed instructions Nos. 11 and 25 or the instruction No. 8. There is no inconsistency in these instructions; they supplement each other. Instruction No. 8 did not limit the damages to the next of kin or in any other manner, but this omission is covered by the two instructions given on behalf of the defendant, and it is clear that defendant was in no way prejudiced.

We have carefully considered the other points made in reference to the giving and refusing of instructions and are of the opinion that they are without merit. On the whole we think the instructions were more favorable to the defendant than was warranted.

It is also urged that the argument of counsel for plaintiff was improper and constitutes reversible error; that the verdict is the result of passion and prejudice. Several pages of the abstract are taken up with a quotation of the argument, but no objection was made, except to that part where plaintiff's counsel

argued that the little boy had his hand up just before he was struck, "like that (indicating) begging him to stop." Following these remarks a discussion took place between the court and counsel, which we think removed any prejudicial error in the argument. The case is not at all a close one on the facts, but the liability is clear. On the question of the amount of the verdict the earlier decisions in this State are of little assistance. We cannot be unmindful of the fact that money value of life and health is appreciating, and the purchasing power of money steadily depreciating during recent years. Under all the circumstances, we are clear that the verdict is not at all excessive.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*