## Edward Girdzus, by John Girdzus, Appellee, v. Simon Van Etten et al., Appellants.

### Gen. No. 23,598.

1. MUNICIPAL CORPORATIONS, § 1038*—*when evidence sustains verdict for injuries due to building material on sidewalk.* In an action to recover for personal injuries alleged to have been received by coming in contact with building material piled on a sidewalk, evidence *held* sufficient to sustain a verdict for plaintiff.

2. WITNESSES, § 214*—*when party is bound by answer to question on cross-examination.* If, in cross-examining a witness as to matters outside of the direct examination, counsel for a party is surprised by his answers by reason of their being contrary to a

*See *Illinois Notes Digest*, Vols. XI to XV, and *Cumulative Quarterly*, same topic and section number.

Girdzus v. Van Etten, 211 Ill. App. 524.

written statement by him on a prior occasion, counsel may ask him particularly about such former statement to refresh his memory or to awaken his conscience, but if the witness denies making such contrary statements, the party its concluded by the answers.

3. WITNESSES, § 278*—*when impeachment as to matters elicited on cross-examination is improper.* Where a party cross-examines a witness as to matters not brought out on the direct examination, such testimony must be considered as affirmative testimony offered by the one who elicits it, and the latter cannot impeach the witness as to such matters.

4. MUNICIPAL CORPORATIONS, § 1038*—*who cannot complain of instruction setting forth ordinance on keeping sidewalks unobstructed.* In an action against a property owner and a building contractor to recover for personal injuries alleged to have been received at night by reason of the storage of building material on the sidewalk adjacent to property on which the building was being constructed, the defendant contractor cannot complain of an instruction setting forth municipal ordinances, introduced in evidence, which provide that in the construction of a building, a sidewalk not less than 6 feet in width shall at all times be kept unobstructed for passage in front of the property and require the display of red lanterns on materials in streets and alleys, such ordinances being applicable to contractors as well as to property owners.

5. APPEAL AND ERROR, § 1547*—*when instruction assuming facts is not reversibly erroneous.* Even though an instruction is improper because assuming as a fact something which is properly a question for the jury and as tending to mislead, it is not ground for reversal where, under the evidence in the case, it did not work prejudice.

6. NEGLIGENCE, § 46*—*liability of owner of property for of independent contractor.* As a general rule, the owner of property is not liable for the negligence of an independent contractor.

7. NEGLIGENCE, § 46*—*what is effect of delegating act to independent contractor.* Where the doing of an act which one causes to be done casts upon him a duty, he cannot escape responsibility by delegating it to an independent contractor.

8. NEGLIGENCE, § 46*—*when liability for nonperformance of duty imposed by ordinance or statute may not be evaded.* Liability for the nonperformance of a duty imposed upon one by a statute or municipal ordinances cannot be evaded by delegating the work to an independent contractor.

9. MUNICIPAL CORPORATIONS, § 1038*—*when owner of property is liable for injuries due to storage of building materials on sidewalk.* The owner of property on which a building is being con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

structed is liable for the negligence of the building contractor in failing to maintain the sidewalk in a safe condition for use by the public, while used by the contractor for the storing of building materials.

10. DAMAGES, § 141*—*when not excessive.* A verdict of $7,000 for injuries to a 4-year-old boy, resulting in the loss of sight in one eye, is not excessive.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed July 10, 1918.

WILKERSON, CASSELS & POTTER, for appellants Simon and Henry Van Etten; RALPH F. POTTER, of counsel.

TIMOTHY J. FELL, for appellant Catholic Bishop of Chicago; F. O. FLOBERG, of counsel.

JESSE LOWENHAUPT and CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Edward Girdzus, a minor, by his next friend, brought suit against Simon Van Etten and Henry Van Etten, doing business as Van Etten Brothers, and the Catholic Bishop of Chicago, a corporation sole, and others, to recover for personal injuries. Before verdict the suit was dismissed as to the defendants, except those above named. There was a verdict and judgment in favor of the plaintiff for $7,000, to reverse which defendants prosecute this appeal.

The record discloses that the Catholic Bishop of Chicago, a corporation sole, was the owner of a piece of vacant real estate located at the southwest corner of 18th street and Union avenue, Chicago, upon which it was desired to erect a church, and for this purpose entered into a written contract with Van Etten Broth-

ers for the masonry work. Other contracts were let for other work to three other parties who were made defendants to the suit but the action was dismissed as to them. The contract provided that the work should be done in accordance with the terms of the contract, plans and specifications and under the supervision of an architect. A permit was issued by the City of Chicago to the owner granting authority to erect the church upon the express condition that the owner conform in all respects to the ordinances of the city regulating the construction of buildings. A permit was also issued to the owner to use the street in front of the premises for placing building material during the construction. These permits were obtained for the owner by Van Etten Brothers in accordance with the terms of the written contract between the parties. Under these permits the several contractors used the street and sidewalk adjacent to the property for the piling of brick, scaffold plank and other material to be used in the construction of the church.

On November 10, 1914, about 7 o'clock in the evening, plaintiff, a child about 4 years of age, together with his half sister and half brother, were walking west on the sidewalk adjacent to the property, when a sharp stick of wood which was sticking out from a pile of material on the sidewalk came in contact with plaintiff's eye, destroying the sight. It was dark at the time, and there was evidence that there were no lights on the material, except at the west end. The material covered a considerable portion of the north side of the sidewalk. The evidence tended to show that the material was in several piles extending from Union avenue on the east back to the alley on the west, a distance of about 140 feet; that there were piles of this material placed there by each of the several contractors. The evidence on behalf of the plaintiff tended to show that the sidewalk was all taken up by the material, except a space of 2 or 3 feet; that

plaintiff's half sister, a girl about 12 years old, was leading plaintiff by the hand when the accident occurred. The evidence on behalf of the defendants tended to show that there was at least 6 feet of sidewalk space that was not covered; that there were no sticks protruding from the piles of material, and that lights were placed on the material by the watchman employed for that purpose.

The defendants, Van Etten Brothers, contend that the evidence does not show that plaintiff was injured by reason of any material which they had placed on the sidewalk, but on the contrary that it appears from the evidence that there were no sticks in their material; that it consisted of brick, tile and scaffold planks, and that there was no evidence to sustain the verdict as to them. It would serve no useful purpose to analyze the evidence, but we think it was sufficient to sustain the verdict.

Van Etten Brothers next contend that the court erred in refusing to permit them to cross-examine the witness Macas for the purpose of laying grounds for impeaching him. Macas was one of the watchmen, employed by Van Etten Brothers and other contractors, whose duty it was to put lights on the piles of building material, and was called as a witness for the plaintiff. After being examined in chief he was turned over to counsel for defendants for cross-examination. After cross-examining the witness, counsel continued to interrogate him, going into matters which had not been touched upon in the direct examination. No objection was made by counsel for plaintiff that this was improper cross-examination. The answers of the witness on this phase of the examination were unfavorable to the defendants and counsel for Van Etten Brothers sought to show that the witness had made a contrary written statement signed by him on a prior occasion. To these questions counsel for plaintiff objected on the ground that by going outside of the

direct examination defendants had made the witness their own and therefore could not impeach him as to such matters. This objection was sustained.

If counsel were surprised by the answers given for the reason that they were contrary to the prior written statement he would have the right, even if the witness were considered to be testifying on his behalf, to ask him particularly about such former statements, for the purpose 'of refreshing his memory, or awakening his conscience, to cause him to relent and speak the truth if he was lying, but if the witness denied making such former contrary statements, defendants would be concluded by the answers. *People v. O'Gara,* 271 Ill. 138; *People v. Lukoszus,* 242 Ill. 101; *Chicago City Ry. Co. v. Gregory,* 221 Ill. 591; 40 Cyc. 2693, 2697. But counsel was not seeking to probe the conscience of the witness, for he expressly stated, when objection was made, that he desired to lay the foundation for impeachment. And as the cross-examination of the witness was not concerning matters brought out on direct examination, the testimony must be considered as affirmative evidence offered by the defendant, though elicited on cross-examination, and, in these circumstances, the witness could not be impeached by the defendants. *Joseph v. Peoria & P. U. Ry. Co.,* 183 Ill. App. 56, aff'd 265 Ill. 563 [7 N. C. C. A. 1041]; *Moore v. Standard Oil Co. of New York,* 155 N. Y. App. Div. 375. The ruling of the trial court was, therefore, correct.

Van Etten Brothers further contend that the court erred in giving instruction 3. This instruction set up two ordinances of the City of Chicago, introduced in evidence, one of which provided that during the progress of the construction of a building a sidewalk not less than 6 feet in width should at all times be kept open and unobstructed for the purpose of passage in front of the property; and the other ordinance required that red lanterns be displayed at night on every

pile of material in a street or alley; and told the jury that these ordinances were binding on all persons in the city. It is argued that this instruction was wrong because it stated an abstract proposition of law, and for the further reason, as we understand counsel, that it conveyed to the jury the impression that under the circumstances the ordinance applied to Van Etten Brothers, when, as a matter of fact, it is said the ordinances did not apply to them. We see no reason why the ordinances did not apply to Van Etten Brothers as well as the owner of the property, for no one could obstruct the sidewalk in a manner prohibited by the ordinances nor omit to place lights on the piles of material, without violating the ordinances. Moreover, the contract entered into by these defendants with the owner of the premises for the construction of the mason work expressly required Van Etten Brothers to observe all provisions of the ordinances of the city. We think the ordinances clearly applied to Van Etten Brothers, and that the instruction was applicable to the facts in the case and was not reversible error because it stated an abstract proposition of law.

The defendant owner contends that the court committed reversible error in giving to the jury instruction 4. By this instruction the jury were told as a matter of law that the ordinances of the City of Chicago placed the responsibility on the owner of keeping not less than 6 feet of the sidewalk unobstructed, and also of displaying red lanterns during the night on the piles of material in the streets; that the owner would in no way be relieved of the responsibility by reason of the fact that contracts were made with other persons in doing the work, even though the evidence shows that the obstructions were placed on the sidewalk by other persons. It is said that this instruction is erroneous in assuming that the owner was in possession and that it further assumes there were obstructions upon the sidewalk, which was controverted. We

think the instruction is wrong in assuming an obstruc-
tion on the sidewalk, as this was a question to be sub-
mitted to the jury. It might also be misleading in
stating that the ordinance placed the responsibility
upon the owner, and from a reading of the whole in-
struction there is an assumption that the verdict
should be against the owner in any event, and were
this a close case the judgment would have to be re-
versed. But as no complaint is made to this instruc-
tion by Van Etten Brothers, and as we hold that the
owner was liable for the acts of Van Etten Brothers,
and as the jury were fully instructed as to the duties
and liabilities of Van Etten Brothers, it did not preju-
dice the rights of the owner. It is also said that this
instruction is wrong because the owner is not liable
for the negligence of Van Etten Brothers, for the
reason that the latter were independent contractors,
and had full charge and control of the work; that they
had furnished the material, were competent and skil-
ful contractors, selected their own employees and were
not under the direction or control of the owner in the
construction of the work.

In support of this the case of *Scammon v. City of Chi-
cago*, 25 Ill. 424; *Pioneer Fireproof Const. Co. v. Han-
sen*, 176 Ill. 100; *Geist v. Rothschild & Co.*, 90 Ill. App.
324, and *Pfau v. Williamson*, 63 Ill. 16, are cited. It
is a general rule of law that the owner of property
is not liable for the negligence of the servants of an
independent contractor. In the *Scammon* case, *supra*,
it was held that the owner of premises upon which an
independent contractor was constructing a building
was not liable for the negligence of the contractor's
servants in failing to properly protect an opening in
the sidewalk. The court there said (439) : "The con-
tractors did not pretend to derive any power from ap-
pellants (owners), to place materials in the street, but
on the contrary, applied to and obtained permission
from the city." In the instant case permission to ob-

struct the sidewalk was given to the owner, and it was only by virtue of this authority that Van Etten Brothers were authorized to place material upon it. There is an exception to the general rule above stated. A person causing something to be done, the doing of which casts upon him a duty, cannot escape responsibility by delegating it to an independent contractor. If the duty is imposed upon one by statute or municipal ordinance, liability cannot be escaped by delegating the work to an independent contractor. 26 Cyc. 1562; *Boyd v. Chicago & N. W. Ry. Co.*, 217 Ill. 332; *Chicago Economic Fuel Gas Co. v. Myers*, 168 Ill. 139; *North Chicago St. R. Co. v. Dudgeon*, 184 Ill. 477; 1 Shearman and Redfield on Negligence, sec. 176; *Kepperly v. Ramsden*, 83 Ill. 354; *Downey v. Low*, 22 N. Y. App. Div. 460; *Moore & Savage v. Kopplin*, — Tex. Civ. App. —, 135 S. W. 1033; *Darmstaetter v. Moynahan*, 27 Mich. 188.

In the *Boyd* case, *supra*, the court said (339): "Where work to be done in a street necessarily obstructs and renders it dangerous, the one for whom the work is done cannot avert liability for negligence in doing it by proving that he let the work to a contractor."

In Shearman and Redfield on Negligence, *supra*, it is said: "Neither can any one escape from the burden of an obligation imposed upon him by law, by engaging for its performance by a contractor. Whatever he is bound to do, must be done; and though he may have a remedy against his contractor for the failure of the latter to discharge his duty, strangers to the contract are still at liberty to enforce the rights conferred upon them by law, without noticing the contract. * * * And where one obtained a license from a city to incumber its street, in order to perform certain work, which he thereupon let to a contractor, he could not shield himself by such contract from lia-

bility for the abuse of the license by the contractor, amounting to a nuisance.''

Under these authorities, we are of the opinion that in the instant case the owner of the premises was liable for the negligence of Van Etten Brothers' employees in failing to maintain the sidewalk in a safe condition for the passage of the public.

Complaint is also made of the giving of instruction No. 1. We think this complaint entirely without merit.

Both defendants contend that the judgment is excessive, and that, in these circumstances, questions put by the court to the physician as to whether the injury would impair plaintiff's other eye were prejudicial. We have carefully considered the amount of the verdict and are of the opinion that it cannot be considered excessive. *De Fillippi v. Spring Valley Coal Co.*, 202 Ill. App. 61; *Delohery v. Quinlan,* 210 Ill. App. 321. The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*