**Christine E. Pennington, Administratrix of the Estate of David H. Pennington, Deceased, Plaintiff and Appellee, v. Rowley Brothers Company et al., Defendants, on appeal of Frank Moll, trading as New City Iron Works, Appellant.**

### Gen. No. 30,438.

1. APPEAL AND ERROR—*disregard of question of variance raised for first time in reviewing court.* A question of variance between the declaration and the proof, not raised at the trial, cannot be raised for the first time in a reviewing court.

2. NEGLIGENCE—*proof of negligence as to one of several defendants charged with concurrent negligence as variance.* Where a declaration charged that the injury and death of plaintiff's decedent was caused by the concurrent negligent acts of one defendant in placing certain I-beams on the parkway of a street, and of other defendants in striking and dislodging one of such beams while decedent was standing thereon, no fatal variance resulted from a verdict against the defendant first named following a directed verdict for the remaining defendants, the declaration stating a good cause of action against such first-named defendant alone if the allegations respecting the other defendants were disregarded as surplusage.

3. DEATH BY WRONGFUL ACT—*negligence in placing steel beams on street parkway where struck by passing vehicle, and causal relation to injury of one standing thereon, as question for jury.* In an action wherein it was alleged that the injury and death of the plaintiff's decedent was caused by the concurrent negligent acts of one defendant in placing certain I-beams on the parkway of a street, and of other defendants in driving against and dislodging one of such beams while decedent was standing thereon while awaiting the approach of a street car about to stop opposite that point, it was a question for the jury whether the proximate cause

of the injury was negligence in placing and leaving the I-beams in that position.

4. DEATH BY WRONGFUL ACT—*sufficiency of evidence to support finding of negligence in placing steel beams on street parkway where struck by passing vehicle, and of causal relation to injury of one standing thereon.* In an action wherein it was alleged that the injury and death of the plaintiff's decedent was caused by the concurrent negligent acts of one defendant in placing certain I-beams on the parkway of a street, and of other defendants in driving against and dislodging one of such beams while decedent was standing thereon while awaiting the approach of a street car about to stop opposite that point, evidence held to warrant the jury in concluding that the placing of the beams in the position stated, where they might be struck by the hub of a wheel of a passing vehicle was negligence and the proximate cause of the decedent's injury and death.

5. DEATH BY WRONGFUL ACT—*contributory negligence of one standing on steel beam left in parkway where struck by passing vehicle as question for jury.* In an action wherein it was alleged that the injury and death of the plaintiff's decedent was caused by the concurrent negligent acts of one defendant in placing certain I-beams in the parkway of a street, and of other defendants in driving against and dislodging one of such beams while decedent was standing thereon while awaiting the approach of a street car about to stop opposite that point, upon which he intended to take passage, it was a question for the jury whether the decedent was guilty of contributory negligence in standing upon such beam instead of upon the parkway.

6. DEATH BY WRONGFUL ACT—*sufficiency of evidence to support exonerating of contributory negligence one standing on steel beam left in parkway where struck by passing vehicle.* Evidence in an action for the injury and death of the plaintiff's decedent, alleged to have been caused by the concurrent negligent acts of one defendant in placing certain I-beams in the parkway of a street, and of other defendants in driving against and dislodging one of such beams while decedent was standing thereon while awaiting the approach of a street car about to stop opposite that point, upon which he intended to take passage, held to warrant a verdict exonerating decedent of contributory negligence in standing upon the beam under the circumstances.

7. DEATH BY WRONGFUL ACT—*sufficiency of evidence to show responsibility of general contractor for negligent placing of steel beams by subcontractor where struck by passing vehicle to injury of decedent.* In an action against a general contractor for the erection of a building and a subcontractor for the furnishing and

erection of the structural steel work thereof, based upon an injury and death resulting from negligently placing and leaving certain I-beams upon the parking of a street near the site of the building, no negligence on the part of such general contractor was shown by proof that when the employee of the subcontractor arrived with a truck loaded with such I-beams he asked the general contractor's foreman where to unload them, and was told by such foreman to unload them "any place he wanted to," nor by proof that such foreman signed the delivery ticket for such steel after it was unloaded and placed as aforesaid.

8. DEATH BY WRONGFUL ACT—*admissibility of evidence as to ordinance requiring hanging of red lanterns on piles of building material left in street at night, where material piled in parkway and accident occurs after sunset.* In an action for an injury and death resulting from negligence in placing and leaving certain I-beams in the parkway of a street wherein it was alleged as an additional ground of recovery that the defendant negligently failed to comply with an ordinance requiring the display of red lanterns at each end of every pile of building material left in a street or alley, during the whole of every night it there remained, it was not error to admit such ordinance in evidence, either on the ground that such material was left in the parkway and not the street, or on the ground that the accident did not occur at night, where the evidence showed that the accident occurred after sunset, and that it was then "pretty dark."

9. DEATH BY WRONGFUL ACT—*admissibility of testimony by plaintiff administratrix as to earning of decedent in lifetime and customary support of family.* In an action for negligence resulting in the death of the plaintiff's intestate it was not error to permit the plaintiff, who was the widow of the decedent, to testify as to the earnings of the decedent during his lifetime, and that she and their three children had been supported by him.

10. WITNESSES—*propriety of excluding testimony of defendant in action for wrongful death as to circumstances of accident where neither plaintiff nor next of kin nor any party in interest testifies for plaintiff on such matters.* Where in an action by an administratrix based upon the negligently caused death of her intestate neither the plaintiff nor any of the decedent's next of kin nor any party having a direct interest in the result of the suit testified as to the circumstances surrounding the accident resulting in the death, it was not error to refuse to permit the defendant to testify as to such matters, although the plaintiff was permitted to

Pennington v. Rowley Bros. Co. et al., 241 Ill. App. 58.

testify as to the earnings of the decedent prior to his death, and as to his support of her and their three children.

BARNES, P. J., dissenting.

Appeal by defendant from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Affirmed. Opinion filed May 25, 1926. Rehearing denied and opinion slightly modified June 7, 1926.

GALLAGHER, KOHLSAAT, RINAKER & WILKINSON, for appellant.

JOHN H. KAY, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment for $10,000 rendered after verdict against Frank Moll (doing business as New City Iron Works) by the superior court on April 11, 1925, in an action for damages under the Injuries Act [Cahill's St. ch. 70] for negligently causing the death of plaintiff's intestate. The accident happened on February 15, 1923, and the death resulted one week thereafter. In addition to Frank Moll, the action was commenced against Rowley Brothers Company, Chicago & Western Indiana Railroad Company, Belt Railway Company of Chicago, Milk Producers' Marketing Company, and Milk Producers' Co-Operative Marketing Company, all corporations, and Henry L. Fiene. At the beginning of the trial in March, 1925, plaintiff dismissed the suit as to Rowley Brothers Company. At the close of plaintiff's evidence the court instructed the jury to find all the other defendants, except Frank Moll, not guilty, and at the close of all the evidence the jury returned a verdict finding Moll guilty and assessing plaintiff's damages at $10,-000.

The two defendant railroad companies were constructing a freight house on the north side of Grand Avenue, east of Cicero Avenue, Chicago. Rowley Brothers Company was the general contractor, and

62     APPELLATE COURTS OF ILLINOIS.

Pennington v. Rowley Bros. Co. et al., 241 Ill. App. 58.

Frank Moll the subcontractor for the furnishing and erecting of the structural steel work, under written contract dated January 20, 1923. He had been asked to push his part of the work as fast as possible, and, on January 26, Herman Droege, his employee, delivered by truck 14 steel I-beams at the premises. The west end of the freight house, then being constructed, was about 100 feet east of Cicero Avenue, and the building extended 300 or 400 feet towards the east. Between the curb and the sidewalk there was a space or parkway about 6 feet wide. When Droege arrived at the premises with the steel he asked Rowley Brothers' foreman, then in charge of the work, where he should unload it and the latter told him "any place he wanted to." He drove his truck along the curb in front of the proposed building and so close to the curb that the wheels scraped it; then removed the stakes on one side of the truck and "threw the steel off" parallel with the curb onto the parkway so that the beams were piled "two high," one upon another, and so that small spaces intervened between their ends. After the unloading he presented the delivery tickets to said foreman and the latter signed them. Prior to the accident the steel was not moved thereafter by either Rowley Brothers Company or Moll, and it remained undisturbed in the positions as placed. All witnesses agree that no portion of any of the beams projected over the curb into the street—some testifying that the beams were about even with the curb and others that they were from one to three inches inside of the curb line.

On February 15, 1923 (20 days after the steel had been so placed), between 5:30 p. m. and 5:50 p. m., when it was "pretty dark," defendant Fiene, a chauffeur employed by the Milk Producers' Co-Operative Marketing Company, was driving at a slow speed a large truck, containing milk, west on the north side of Grand Avenue approaching Cicero Avenue. The street was congested with street cars and other vehi-

cles, and many persons were waiting to board the street cars. There was one standing street car facing west near Cicero Avenue and back of it its trailer; then an automobile; then a second street car with its trailer and then Fiene's truck, which he had stopped for a moment. Still a third street car was approaching from the east. Fiene had been driving close to the north curb of the street so as to allow one of the street cars to pass alongside. This was necessary because of the narrowness of the space between the curb and the passing car. The traffic started moving again and Fiene moved his truck forward at a slow speed. After he had gone about 10 feet the hub-cap of the right front wheel of his truck, which cap extended over the curb from 2 to 3 inches, struck the east end of one of the I-beams, lying in the parkway, and moved it towards the west about a foot or two. The truck was then about 200 feet east of Cicero Avenue. There were no lights of any kind indicating the presence of the I-beams and Fiene testified that he did not observe that they were lying near the curb. The deceased, Pennington, with plaintiff's witness, Montesano, were standing on the I-beam, waiting to board a street car, when the beam was moved by the truck and they were "jarred off" and fell. In the fall Pennington's left leg was crushed between the beam on which he had been standing and another beam just west of it. Pennington and Montesano and several others had endeavored to board one of the crowded street cars which had been standing west of the truck, but, the doors having been closed as the car moved forward, they stepped back onto the I-beam in the parkway to get out of the way of the truck, intending to board the third street car which was approaching behind the truck. Some of the other persons were standing on I-beams and some in the parkway, and it was a frequent occurrence for intending passengers to board street cars at about the place where the acci-

64    APPELLATE COURTS OF ILLINOIS.

Pennington v. Rowley Bros. Co. et al., 241 Ill. App. 58.

dent happened at times of similar congestions. After the accident Pennington was taken to a hospital, there treated, and on the seventh day his leg was amputated. Shortly thereafter he developed gangrene and septicemia and died as a result of the injuries he had received.

One of the contentions of counsel for Moll is in substance that the judgment should be reversed because plaintiff's amended declaration, upon which the case was tried, charges that decedent's injuries and death were caused by the concurrent negligent acts of Moll, in placing the I-beams where they were placed, and of Fiene, the driver of the truck, in hitting one of the beams, and that the verdict and judgment in favor of Fiene and his employer determined that the accident was not due to *both* negligent acts as alleged. It is argued that, after such verdict and judgment had been rendered at the close of plaintiff's evidence, it was necessary for plaintiff, in order to proceed against Moll alone, to file an amended declaration charging that decedent's injuries and death were proximately caused by Moll's negligent acts alone. The contention and argument amount to the claim that there was a variance between the declaration and the proof. But the record does not disclose that any question of variance was raised at the trial and it is well settled that such a question cannot be raised for the first time in a reviewing court. *Libby, McNeill & Libby v. Scherman,* 146 Ill. 540, 549; *Westville Coal Co. v. Schwartz,* 177 Ill. 272, 278. Furthermore, after reviewing the two counts of the amended declaration to which Moll pleaded the general issue, we are of the opinion that each states a good cause of action against him and that the averments of negligence on the part of Fiene, the driver of the truck, may be regarded as surplusage. In *Linquist v. Hodges,* 248 Ill. 491, 495, it is said: "If those averments of the declaration be eliminated from each of the counts which refer to those defendants

who were dismissed out of the case, by disregarding such averments as surplusage, there clearly remains sufficient in each of the counts of the declaration to state a good cause of action against the plaintiff in error, and the fact that the plaintiff in error remained charged, jointly with the defendants who were dismissed out of the case, with having committed the negligent acts which caused the injury to defendant in error is wholly immaterial, as in an action of tort under a declaration charging two or more defendants with jointly injuring a plaintiff there may be a verdict and recovery against one, only, of the defendants, the rule in this regard being different in actions of tort from what it is in actions upon contract." See, also, *Pierson v. Lyon & Healy*, 243 Ill. 370, 375; *Postal Telegraph-Cable Co. v. Likes*, 225 Ill. 249, 262; *Nordhaus v. Vandalia R. Co.*, 242 Ill. 166, 174.

The main contention of counsel for Moll is that the act of Moll, by his servant Droege, in placing the I-beams in the parkway where they were placed, and permitting them to remain there, was not a negligent act, and even if it be so considered, it was not the proximate cause of the injuries and death of Pennington. Under the pleadings and the facts in evidence, we think it was for the jury to say whether said act of Moll's employees constituted negligence attributable to Moll, and whether it was the proximate cause of Pennington's injuries and death. In *Seith v. Commonwealth Electric Co.*, 241 Ill. 252, 259, in stating and discussing the rules for determining whether a negligent act or omission is the proximate cause of an injury, it is said:

"The negligent act or omission must be the cause which produces the injury, but it need not be the sole cause nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which, in combination with it, causes the injury, or if it sets in motion a chain of circumstances and

operates on them in a continuous sequence, unbroken by any new or independent cause. The question is not determined by the existence or non-existence of intervening events, but by their character and the natural connection between the original act or omission and the injurious consequences. To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence. It is not necessary that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, but when it occurs it must appear that it was a natural and probable consequence of his negligence. If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent and the existence of the condition is not the proximate cause of the injury. Where the intervening cause is set in operation by the original negligence, such negligence is still the proximate cause, and where the circumstances are such that the injurious consequences might have been foreseen as likely to result from the first negligent act or omission, the act of the third person will not excuse the first wrongdoer. * * * The test is whether the party guilty of the first act or omission might reasonably have anticipated the intervening cause as a natural and probable consequence of his own negligence, and if so, the connection is not broken.''

Tested by these rules we think that the jury were fully warranted under the facts and circumstances in evidence in finding that the act of Moll's employee, in placing one of the I-beams in the parkway so close to the edge of the curb that it might be struck and suddenly moved by the hub of a wheel of a passing truck or automobile, was the proximate cause of Penning-

ton's injuries and death. Although the beams were placed in the narrow space or parkway between the curb and the sidewalk, said space or parkway constituted a part of the public street (see *City of Chicago v. O'Brien*, 111 Ill. 532, 536; *City of Bloomington v. Bay*, 42 Ill. 503, 507), and which, as the evidence shows, was traveled upon frequently by persons seeking to board street cars, and the beams so placed constituted an obstruction in the street and a nuisance. See *People v. City of St. Louis*, 5 Gilm. (Ill.) 351, 371; *Weick v. Lander*, 75 Ill. 93, 96; *Brennan v. City of Streator*, 256 Ill. 468, 471.

And, on the question of Pennington's alleged contributory negligence in standing on the beam instead of in the parkway or on the sidewalk at the particular time, we think that it was for the jury to say, under all the circumstances, whether in so standing he was guilty of contributory negligence, and that their verdict to the effect that he was not so guilty should not be disturbed. The evidence shows that he had attempted unsuccessfully to board one street car and had stepped back with others from the street and was waiting, after the truck had passed, to board another approaching street car.

Another of counsel's contentions is that, if there was negligence in placing the beams where they were placed and allowing them to remain there, it was the act of Rowley Brothers Company and not Moll. It is argued that the control of the beams was and continued to be in Rowley Brothers Company because when Moll's employee arrived at the premises with them the foreman of Rowley Brothers Company told him, in response to his inquiry as to where he should unload them, to put them "any place he wanted to." We find no merit in the contention or argument. By the terms of his contract with Rowley Brothers Company, Moll was not only to furnish the steel but to "erect" it in the proposed building. Rowley Broth-

ers' foreman in effect told Moll's employee to use his own judgment as to where he should temporarily place the beams, and we think that his act in placing them in the parkway should be considered as Moll's act and not that of Rowley Brothers Company. The foreman gave no directions as to the particular place where they should be unloaded. The ownership of them and the custody and control of them, up to the time of the accident, remained in Moll. The act of the foreman in signing the delivery tickets did not relieve Moll from the duty he owed to the public not to place them where they would become an improper and, probably, a dangerous, obstruction.

Counsel further contend that the court erred in admitting in evidence a certain ordinance of the city of Chicago requiring that "red lanterns shall be displayed and maintained *during the whole of every night* at each end of every pile of material in any street or alley and at each end of every excavation." In the second count of plaintiff's amended declaration Moll was charged with the negligent violation of this ordinance at the time and place in question. Counsel argue that the ordinance was inapplicable to the facts as shown by the evidence because (a) the piles of beams were in the parkway and not in the street and (b) it was not "night," though pretty dark, when the accident happened, and that the admission of the ordinance in evidence was very prejudicial to Moll. In our opinion both the contention and the argument are without merit. As previously stated herein the piles of beams were in a portion of a public street. They were in the narrow parkway between the curb and sidewalk. And another division of this Appellate Court has held that such ordinance is applicable where piles of building material are placed by contractors on the sidewalk of a public street, adjacent to premises where a building is in process of erection. *Girdzus v. Van Etten,* 211 Ill. App. 524, 530. And the evi-

dence shows that the accident in question happened after the sun had set on February 15, 1923. In Webster's New International Dictionary "night" is defined as "that part of the natural day when the sun is beneath the horizon, or the time from sunset to sunrise." See also Century Dictionary, and *United States v. Boston & M. R. R.*, 269 Fed. 89, 90.

During the trial plaintiff, the administratrix of the estate of deceased, and also his widow, was allowed to testify over objection concerning his earnings during his lifetime, and that she and her three children had been supported by him. It is urged that it was error to allow this testimony to be admitted. We do not think so. *Brennen v. Chicago & Carterville Coal Co.*, 241 Ill. 610, 621; *Mahlstedt v. Ideal Lighting Co.*, 271 Ill. 154, 164.

Nor do we think that the court erred in refusing to allow Frank Moll, defendant, to testify generally as a witness in his own behalf. Cahill's St. ch. 51, ¶ 2; *Sullivan v. Corn Products Refining Co.*, 245 Ill. 9, 13. Counsel for Moll contend in substance that, because plaintiff testified as a witness and because of the provisions contained in the third exception in said section 2 of the Evidence Act [Cahill's St. ch. 51, ¶ 2], Moll was competent to testify regarding the occurrence or "transaction," and the case of *VanMeter v. Goldfarb*, 317 Ill. 620, is cited in support of the contention. In that case Clarence Barker, a minor, received injuries by being struck by Goldfarb's automobile and died. On the trial of the action brought by the administrator of his estate against Goldfarb under the Injuries Act [Cahill's St. ch. 70], a brother of the deceased, Harold Barker, who was an eyewitness, testified for plaintiff as to the details of the occurrence, and the father of the deceased also testified, but merely to the age of the deceased, his previous state of health and the location of the accident. Thereafter during the trial the court allowed Goldfarb to

70          APPELLATE COURTS OF ILLINOIS.

Pennington v. Rowley Bros. Co. et al., 241 Ill. App. 58.

testify in his own behalf as to the occurrence. After a verdict and judgment had been rendered in his favor plaintiff appealed, contending that the trial court had erred in allowing Goldfarb to give his version of the occurrence. The judgment was affirmed by this Appellate Court and, on further appeal, by the Supreme Court. The last named court held that no error had been committed in allowing Goldfarb to so testify because Harold Barker, a person having a direct interest in the result of the suit, had testified on plaintiff's behalf as an *occurrence witness*. The court said (p. 623) : "The principal reason for the statutory exception is the supposed inability of the representative to oppose the statements of the adversary, but that reason is not applicable to a case like the one before us. Here the next of kin, the real party in interest, was an occurrence witness and gave his version of it. Manifestly it would be in direct violation of the purpose of the exception to bar the opposite party from giving his version of the occurrence. We are of the opinion that the word 'transaction,' as used in the statute, is used in a broad sense, and that it includes an occurrence like the one out of which this action arises." During the trial of the present case, neither the plaintiff (widow) nor any of the next of kin or parties having a direct interest in the result of the suit testified for plaintiff *as to the occurrence,* and we do not think that the decision in the *Goldfarb* case supports counsels' contention.

Finding no reversible error in the record the judgment appealed from against Frank Moll is affirmed.

*Affirmed.*

FITCH, J., concurs.

MR. PRESIDING JUSTICE BARNES dissenting: While it was a question of fact for the jury, I cannot agree with the conclusion that plaintiff sustained the burden of proving the exercise of ordinary care by deceased

for his own safety in standing on material that might be moved, if hit by a passing vehicle, and thus incurring a danger as discernible and apparent to him as it must have been to the person charged with negligence in placing it there, without proof that there was not another safe way by which he could as readily have reached the parkway. For aught that appears to the contrary by any competent evidence he could have stood in or walked to a safe place between the ends of the piles of beams. To be sure one witness said ''it was necessary to walk upon the iron beams to get out of the way of the truck.'' But that was a mere conclusion. The fact could be determined only by whether—conceding his right to be in the street at that point for the purpose of boarding a car—he could have gotten onto the parkway where others were standing and waiting without stepping over and standing on the iron beams.