Stanislaw Chalkowski, Administrator of the Estate of Katarzyna Chalkowski, Deceased, Appellant, v. Michael Szafranski and Stanislawa Szafranski, Appellees.

## Gen. No. 32,792.

Opinion filed November 19, 1928.

STEDMAN, DINGLE & LEITCH and WILLIAM C. HARTRAY, for appellant; FRANK E. DINGLE, of counsel.

McMAHON & GRABER, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this appeal plaintiff seeks the reversal of an adverse judgment entered upon the verdict of a jury in an action wherein plaintiff sought to recover upon a principal note of $3,000 made by the defendants.

The brief for plaintiff does not comply with rule 19 of this court.

We gather from the statement of facts that the defendants about December 15, 1924, signed the note in question and interest notes in the Sherman Park State Bank with which they were negotiating a loan; that the notes and the accompanying trust deed were sold by the bank to Katarzyna Chalkowski; that she died May 29, 1925; that the notes were found among her effects and an administrator of her estate was duly appointed who brought this action to recover upon the principal note of $3,000. Defendants filed two pleas, one, the general issue, the other, a special plea alleging that the execution of the note was obtained by fraud and circumvention, relying on section 10 of the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 11.

Plaintiff argues that this plea is not sufficient in law, in that it failed to allege facts showing that defendants were free from negligence in the execution of the note. The plea was demurrable, but no demurrer was filed and the parties proceeded to trial on the issue of fraud and circumvention presented to the jury by instructions and otherwise. It is a well-recognized practice that after verdict no question as to insufficient pleading may be raised which might properly have been raised by a special demurrer.

The same rule obtains with reference to an insufficient affidavit of merits or where, as here, one of the defendants did not sign the affidavit of merits. Where the plaintiff takes issue on the plea and goes to trial without any affidavit of merits, the filing of an affidavit is considered waived. *Lahiv v. Fleishman*, 165 Ill. App. 312; *Peerless Pattern Co. v. Silverbloom Dry Goods Co.*, 211 Ill. App. 194.

The competency of the defendant Michael Szafranski to testify is questioned, as the action is brought by the administrator. By section 2, chapter 51 on evidence, Cahill's St. ch. 51, ¶ 2, it is provided that no person directly interested shall be allowed to testify therein "of his own motion, or in his own behalf" when any adverse party sues as an administrator of any deceased person, "unless when called as a witness by such adverse party so suing." Upon the trial, after the plaintiff had proven his appointment as administrator and the possession of the notes, he called Michael Szafranski to identify the signatures and indorsements. This was to meet the objection made by defendants' counsel that the signatures were not proven. Michael Szafranski was asked only as to these signatures and testified that they were made by himself and his wife. Subsequently he took the stand to testify on his own behalf and over the objection of plaintiff was allowed to testify at length about the details of the transaction connected with the execution of the notes, which it is claimed proved the defense of fraud and circumvention. As there must be another trial because of the incompetency of this testimony, we shall refrain from narrating it or commenting thereon.

It is argued by the defendants that because plaintiff had called Michael Szafranski in the first instance, the door was open to permit him to testify to the entire transaction as part of his defense. In so holding the trial court was in error. Defendant was placed on the stand not for the purpose of testifying to the transaction, but only for the purpose of identifying the signatures and for no other purpose whatever. We do not construe the evidence statute as meaning that, if a witness is called by the adverse party to testify as to one fact, the disqualification to testify of his own motion and in his own behalf is waived or removed, thereby rendering him competent to testify on all the issues involved in the case. When defendant was called by

plaintiff he was not asked to testify "in his own behalf." His testimony identifying the signatures was against his interest.

In *Grace v. Grace,* 270 Ill. 558, one of the defendant witnesses was called to testify on behalf of the plaintiff as to what property the decedent owned. On cross-examination the adverse party desired to show by this witness the condition of the deceased's mind. It was held that she was not rendered a competent witness on her own behalf as to all the issues in the case by the mere fact that she had been called by the other party to testify as to one fact.

In *Garrus v. Davis,* 234 Ill. 326, at the instance of complainants, two defendants were called to testify as to certain signatures. On cross-examination the defendants were permitted to testify generally about the case. There, as here, it was contended that they were competent witnesses for the reason that they were called by the opposite party to testify and they thereby became competent witnesses for all purposes upon any issue involved. The court held to the contrary, saying, among other things:

"In testifying as to the genuineness of these letters the witnesses were not testifying in their own behalf but were testifying against their own interest. * * * If it were the fact * * * that their genuineness could not be proven by any one but the supposed writers, appellants were confronted with the situation that they must either make this proof by the writers of the letters or be denied the benefit of them as testimony in the case. If the rule contended for by appellees is to be followed, these witnesses, when called for the purpose of making that proof by appellants, would have been thereby rendered competent to testify upon all the issues in the case upon their own behalf, even if they had denied that they had written the letters. To so apply the law would seem both unreasonable and

unjust.'' See also *Pennington v. Rowley Bros. Co.,* 241 Ill. App. 58.

Following what is held in these cases, we hold that Michael Szafranski was an incompetent witness to testify on his own behalf and that the objection to his testimony should have been sustained.

Something is said concerning the sufficiency of the objection, but it was sufficient.

Plaintiff argues earnestly that we enter judgment against defendants in this court on the ground that the facts fail to make out a case of fraud and circumvention. There are two reasons why we do not do this: (1) Fraud and circumvention is generally a question of fact to be determined by the jury; and, (2) there is no competent evidence in the record showing the facts. It is hardly consistent for plaintiff to ask judgment based upon the facts of the transaction testified to by one of the witnesses and at the same time object, and properly, to the competency of the evidence presenting these facts. Whether or not the defendants can produce other evidence tending to support their plea upon another trial, we cannot tell. If, however, there should be no other evidence than that of the defendants themselves as to the transaction, it would be the duty of the trial court to instruct for the plaintiff.

The court improperly permitted defendants to testify that they received no consideration for the notes. The defense of no consideration was not in issue.

For the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, P. J., and MATCHETT, J., concur.