## Sherman House Hotel Company v. Charles P. Gallagher.

### Gen. No. 12,760.

1. RES IPSA LOQUITUR—*when doctrine of, applies.* To remove heavy material from the front of a building standing close up to the sidewalk of a crowded city street, where great numbers of people are constantly passing, without any barrier to prevent persons from passing under the work or any protection against material always likely to fall when such work is being done, is work of a kind inherently dangerous.

2. INDEPENDENT CONTRACTOR—*when doctrine of, does not apply.* A person requiring the performance of work intrinsically dangerous, however skillfully performed, cannot escape liability for injury resulting from the performance of such work under the doctrine of independent contractor.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed November 23, 1906. Rehearing denied and opinion refiled December 14, 1906.

FELSENTHAL, FOREMAN & BECKWITH, for appellant.

THEODORE G. CASE, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee was injured while he was walking along Clark street near the corner of Randolph street, Chi-

cago, by a piece of iron which fell upon his head from an iron balcony projecting over the sidewalk and in process of removal or repair. He was knocked down upon his knees and an officer testifies that appellee and the sidewalk "were covered with blood." He was able to go back to work a few days later, but complains that he is troubled with frequent headaches since the accident. He recovered judgment for $750.

It appears from evidence that appellant had employed the Butler Street Foundry & Iron Co. to repair or remove this balcony. This concern was also made party defendant, but at the conclusion of all the evidence the court directed the jury to find it not guilty. It is contended in behalf of appellant that the work was being done by the iron company as an independent contractor, and that consequently the Sherman House Hotel Company, by whom the iron company was employed, cannot be held liable for injuries resulting from the negligent manner in which such contractor did its work. It does not appear from the evidence, however, that the iron company was an independent contractor in the case at bar. There is no dispute as to the fact that the employes of the iron company did the work, but the evidence fails to show it was being done under an independent contract. It is said that this question should have been submitted to the jury. The evidence we find in the abstract relating to it is to the effect that the iron company paid its own men, that appellant paid the iron company for doing the work, that there was no agreement as to the price, that the representative of the iron company said "he could not make a flat price but would go ahead and do the work and make a fair profit on the job." As stated by appellant's witness the arrangement was, "when they completed the job they were to be paid for it and they were to make a reasonable price. That is all the contract I could enter into with them." So far as appears the relation of appellant to the iron company

Sherman House Hotel Co. v. Gallagher.

was merely that of employer and employe. There was evidently no contract to do any specified piece of work in any agreed way or for any stipulated price. The "job" seems to have designated whatever work appellant might direct the iron company to do. There is nothing which tends to show that appellant did not retain and exercise the control of the work in its details from beginning to end. It complained at one time of the slow progress made, and the iron company responded by hastening its employes. There is no evidence, so far as we are advised, tending to show that the iron company was left to do work in its own way or as it might please.

But however this may be appellant did not in any event surrender control of the premises, nor, so far as appears, any part thereof, to the iron company. It was operating its hotel as usual during the time the work was being done. Its guests and others were likely to be going and coming over the sidewalk and approaches. It certainly had the power to direct the iron company to erect barriers upon or to place a protecting cover over the sidewalk underneath the balcony had it chosen so to do, or it was at liberty to do this itself. It was to pay a reasonable price for the work done, whether this was more or less. It could discharge the iron company and employ others if dissatisfied with the way the work was being done, or if its orders were not obeyed. This conclusion is, we think, unavoidable from the evidence introduced in appellant's behalf.

It is contended by appellee that if there had been evidence tending to show the iron company was in fact an independent contractor in this case, nevertheless appellant could not escape liability. To remove heavy material from the front of a building standing close up to the sidewalk of a crowded city street where great numbers of people are constantly passing, without any barrier to prevent persons from passing

under the work, or any protection against material always likely to fall when such work is being done, is, we think, in itself inherently dangerous, no matter how skillfully done. In City of Chicago v. Murdock, 212 Ill. 9-12, the general rule is stated to be that the principle of *respondeat superior* does not extend to cases of independent contractors where the party for whom the work is done is not the immediate superior of those guilty of the wrongful act and has no control over the manner of doing the work under the contract. This general rule, however, does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skillfully performed. In such cases the party authorizing the work is justly regarded as the author of the resulting mischief whether he does the work himself or lets it by contract. In Scammon v. City of Chicago, 25 Ill. 424-439, the rule is stated to be that "if the nuisance necessarily occurs in the ordinary mode of doing the work the occupant or owner is liable, but if it is from the negligence of the contractor or his servants that he alone should be responsible." See also, City of Joliet v. Harwood, 86 Ill. 110, 111, and page 113, where the rule is also stated in the dissenting opinion. In Geist v. Rothschild, 90 Ill. App. 324-329, cited in appellant's brief, the facts do not bring the case within the exception to the general rule. See Engel v. Eureka Club, 59 Hun (N. Y.), 599. In the case at bar it appears, as we have said, that appellant retained full control of its premises and the approaches thereto; that there was a protection on the Randolph street side of the building where they were repairing the balcony, but none on the Clark street side where appellee was hurt and where, as there is evidence tending to show, an old balcony was being torn down.

It is apparent from what has been said that there was no error in refusing to give the instructions offered in behalf of appellant, the refusal of which is urged as erroneous. They were not warranted by

the evidence. Nor can we say that the verdict was excessive.

Finding no material error the judgment must be affirmed.

*Affirmed.*