Thomas B. Van Auken, Appellant, v. George A. Barr and Hartman Furniture and Carpet Company, Appellees.

Gen. No. 8,586.

Opinion filed February 23, 1933.   Rehearing denied May 2, 1933.

JOHN FINNEY, for appellant; JAMES W. FAULKNER, of counsel.

DONOVAN, BRAY & GRAY and BARR & BARR, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The appellant, Thomas B. Van Auken, started suit against the appellees in the circuit court of Will county for injuries that he alleges were caused by the negligence of the appellees.

The declaration consisted of two counts which are in substance as follows: "The first count of the declaration is a plea of trespass on the case, and avers that the defendant, George A. Barr, was on the first day of November, A. D. 1929, and for some time prior thereto, the owner of certain property described in the declaration, and that on the said date and for some time prior thereto was the owner of certain leasehold interests in other property described in the declaration; that under the terms of said lease, the said defendant, George A. Barr, was given full power and authority to remove all buildings then upon the leased premises, and to erect other buildings thereon; that prior to the leasing of the above described property by the defendant, George A Barr, to the defendant, Hartman Furniture and Carpet Company, all of said premises were occupied by brick buildings three stories in height; that said buildings were located on Jefferson Street, one of the principal streets of the City of Joliet, which was on the date aforesaid and for many years prior thereto, extensively used by the traveling public, thousands of persons passing said premises daily.

"Plaintiff further avers that after the leasing by the defendant, George A. Barr, to the Hartman Furniture and Carpet Company, and prior to the date aforesaid, the Hartman Furniture and Carpet Company through their contractor or contractors, with the knowledge and consent and permission of the defendant, George A. Barr, began to raze the building then occupying said premises, preparatory to the erection of the present three-story brick building now located on said premises, all of which was done with the knowledge, permission and consent of the said George A. Barr; that it became the duty of the defendants, and each of them, to exercise reasonable care to protect persons from injuries from materials falling from said building during the process of the razing or erec-

tion of the same while using said streets in the exercise of reasonable care for their own personal safety; that the defendants, and each of them, failed to do so, and while, on to wit: the date aforesaid, the said plaintiff was walking along said public street in the exercise of reasonable care for his personal safety, a brick falling from said building struck the plaintiff upon the head with great force and violence and in consequence thereof, he suffered damages.

"The second count of the declaration is in trespass and is the same as the first count with the exception that in charging the duty of the defendants, it avers that it became the duty of the defendants, and each of them, to prevent material from falling from said building during the razing and erection of the same to and upon the public street, to the injury of persons using the same in the exercise of reasonable care for the persons' safety, that the defendants failed in this duty, and the plaintiff, while lawfully walking along said street, in the exercise of reasonable care for his personal safety, a brick falling from said building, struck the plaintiff with great force and violence, in consequence of which he was injured, damaged to the extent of Ten Thousand ($10,000.00) Dollars."

To this declaration the defendants filed a general and special demurrer, which the court sustained. The plaintiff elected to stand by his declaration, and the court dismissed the suit at plaintiff's costs. From the ruling of the court and dismissal of the suit, the plaintiff brings the case to this court for review.

The declaration alleges that George A. Barr was the owner of the premises and leased them to the Hartman Furniture and Carpet Co.; that they employed a contractor to raze the three-story brick building on the premises; that the building was situated on a street where thousands of people passed by daily; that while the plaintiff was passing the building, a brick fell off

of the wall and injured the plaintiff; that the brick was caused to fall by the building being razed.

It is the contention of George A. Barr that the declaration shows on its face that the work was being done by an independent contractor over whom Barr had no control, and, therefore, Barr would not be responsible to the plaintiff for damages that he might have sustained by reason of the building being razed. The appellant concedes this to be the rule of law, but shows a well known and definite exception, viz.: "That when work is dangerous of itself, or as it is often termed 'inherently or intrinsically dangerous unless proper precautions are taken,' the owner of the property cannot evade the law by employing an independent contractor to do the work." In the case of the *Sherman House Hotel Co. v. Gallagher,* 129 Ill. App. 557, the court in discussing the liability of the independent contractor said: "The general rule is stated to be that the principle of *respondeat superior* does not extend to cases of independent contractors where the party for whom the work is done is not the immediate superior of those guilty of the wrongful act and has no control over the manner of doing the work under the contract. This general rule, however, does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skilfully performed. In such cases the party authorizing the work is justly regarded as the author of the resulting mischief whether he does the work himself or lets it by contract." In vol. 39 of Corpus Juris, page 1331, the rule is laid down as follows: "A very important exception to the general rule exempting the contractee from liability for injuries caused by the negligence of an independent contractor or his servants is that, where the work is dangerous of itself, or as often termed is 'inherently' or 'intrinsically' dangerous, unless proper precautions are taken, liability

cannot be evaded by employing an independent contractor to do it." In the case of *City of Joliet v. Harwood,* 86 Ill. 110, the City of Joliet had let a contract for the building of a sewer. In doing the excavating work it was necessary to blast out the rock. In blasting the rock the property of Harwood was damaged. He brought suit against the City of Joliet for the damage he had sustained. The City of Joliet defended on the ground that they had let the contract to a man named O'Riley, and that he was an independent contractor; therefore, the city was not liable. In their opinion the court say: "It is insisted that O'Riley, the contractor, is responsible for this injury, and not the city; and this upon the position that where public work is done by an independent contractor, with the city, the doctrine of *respondeat superior does not apply.* Dillon, in his excellent work on Municipal Corporations (sec. 792), says: 'Such is the general rule; but it is important to bear in mind that it does not apply where the contract directly requires the performance of work intrinsically dangerous, however skilfully performed. In such case a party authorizing the work is regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract.' In this case the work which the contractor was required by the city to do was intrinsically dangerous, however carefully or skilfully done. The right of recovery in this case does not rest upon a charge of negligence on the part of the contractor; it rests upon the fact that the city caused work to be done which was intrinsically dangerous."

Counsel for appellees have cited no authority that in our opinion controverts this exception to the general rule, and it is our opinion that the exception is so permanently established as to become the law in this State.

The question then arises: Is the razing of a brick building so intrinsically dangerous that this court can

say that this declaration charges a state of facts that would bring the appellant within the exception above stated? We know of no way to tear down a brick wall that would not be dangerous to people walking along the same unless there was precaution taken to protect the public from the pieces of bricks falling during the operation. The only way to take down the walls of a brick building is in some way to loosen the bricks, and whatever way it is done there is danger that the brick may fall from the wall. If it is in a place where people are passing by, the falling bricks are extremely liable to hurt some one.

From an examination of this declaration it is our opinion that it states a good cause of action and the court erred in sustaining the demurrer to this declaration. The judgment of the circuit court of Will county is hereby reversed and the case remanded with directions to overrule the demurrer.

*Judgment reversed and remanded with directions.*